■ In the Matter of BEATRICE OSSAKOW, Respondent, v ALBERT OSSA-KOW, Appellant.—In a support proceeding, the husband appeals from so much of an order of the Family Court, Kings County, dated October 14, 1975, and made after a hearing, as (1) directed him to pay (a) support in the amount of $85 per week and (b) a counsel fee of $3,500 and (2) fixed arrears at $5,720 as of October 10, 1975. Order modified by deleting so much thereof as fixed the arrears. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and proceeding remanded to the Family Court for a new hearing as to the amount of arrears and for the entry of an appropriate order thereon. It is clear that the Family Court Judge considered both parties' respective means and earning power, as well as the marital standard of living, in determining that petitioner was entitled to $85 per week in support payments (see *Hickland v Hickland*, 39 NY2d 1). The arrears, as computed by the Office of Probation, were only $4,105 as of October 17, 1975. However, there is no proof in the record on this appeal to indicate whether that amount, or the amount ultimately fixed by the Family Court as arrears, is correct. Accordingly, the issue of arrears requires a new factual determination. The Family Court's award of an attorney's fee was properly based upon the attorney's affidavit of services and the circumstances of the case; it was within the court's discretion and was not excessive (see *Matter of Hahn v Hahn*, 78 Misc 2d 585). Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.

■ In the Matter of the Estate of JAMES SHEEHAN, Deceased. NORMAN C. MORSE, as Administrator, Respondent; MARGARET RYAN, as Administratrix, Appellant.—In a discovery proceeding, the appeal is from an order of the Surrogate's Court, Richmond County, dated September 4, 1974, which, after a nonjury trial, ordered appellant to deliver the sum of $11,165.27 to Norman C. Morse, as administrator. Order modified, on the law, by reducing the amount appellant is directed to deliver to $5,582.64. As so modified, order affirmed, without costs or disbursements. The findings of fact are affirmed. The Surrogate properly ruled that the account in the names of James Sheehan and William Sheehan, payable to either or survivor, was a joint account within the meaning of section 675 of the Banking Law (see *Moyer v Briggs*, 47 AD2d 64). However, the Surrogate erred in awarding all funds received by Sullivan to James Sheehan's estate. Since at any time during his lifetime, William Sheehan, the creator of the joint account and a cotenant thereof, retained the right to dispose of the one-half interest he retained, he had the power to defeat the right of survivorship to the extent of one half of the funds of the joint account. It is logical that, since Sullivan's interest derived from the funds of that closed joint account, his representative should be permitted to retain at least one half of the funds Sullivan received (see *Matter of Bricker v Krimer*, 13 NY2d 22, 28; *Matter of Libow*, 46 Misc 2d 919, 924; cf. *Matter of Kleinberg v Heller*, 38 NY2d 836). Hopkins, Acting P. J., Latham, Cohalan, Margett and Hawkins, JJ., concur.