MATT H. CONNELL and Others, Copartners, under the Name of M. H. CONNELL & Co., Plaintiffs, *v.* JOSEPH P. SLATER, Defendant.

Supreme Court, New York County, June 5, 1930.

*Wellman, Smyth & Scofield* [*Roderick Wellman* of counsel], for the plaintiffs.

*I. Gainsburg* [*Sydney M. Heimann* of counsel], for the defendant.

CHURCHILL, J. The action is for damages for breach of an alleged oral agreement for the sale and delivery of certain shares of stock. The agreement is denied and the Statute of Frauds is pleaded as a defense.

I find against the plaintiffs on the facts. The evidence does not satisfy me that the agreement was made.

But even though the plaintiffs' version of the facts were accepted I should consider the Statute of Frauds a complete defense.

Plaintiffs' case is that after they had bought the stock they resold it; that defendant was informed of this resale and not only did not

repudiate his oral agreement but tacitly recognized it; that plaintiffs relied upon defendant's performance and failed to purchase stock in the market to cover their own resale; that the market rose and when defendant finally repudiated his agreement, plaintiffs were obliged to make the purchase on the exchange at a higher price than they could have done if the repudiation had been promptly made. Hence, they say, defendant is estopped to rely on the Statute of Frauds as a defense. It is contended that one may estop himself to set up the statute by any conduct which, on ordinary principles, would amount to an estoppel and it is said that " this equitable doctrine covers every class of contract to which the statute of frauds applies."

This may be so in some jurisdictions (*Sears* v. *Redick*, 211 Fed. 856), but that it is not so in New York is shown by the decision of the Court of Appeals in *Burns* v. *McCormick* (233 N. Y. 230). In that case the facts constituted as strong a case for the application of the doctrine of estoppel as can easily be imagined. Yet the court upheld the statute as a defense and expressly refused to follow *Sears* v. *Redick* (*supra*) and similar cases.

In the present case it seems to me that there would be little left of the statute if plaintiffs' contentions were listened to. Pretended agreements, of a character expressly required to be in writing, would be enforced, though claimed to have been made by word of mouth, whenever a jury could be persuaded, upon conflicting oral testimony, that the agreement had been made and that defendant had, in some way, led plaintiff to suppose that he would perform. I find nothing in the decisions in this jurisdiction to require a holding so destructive of one of the most ancient and useful statutes in our books.

It is urged that the Statute of Frauds may not be invoked to perpetrate a fraud. But this familiar maxim is much too vague in its meaning and implications to be useful in the solution of actual controversies. (*Maddison* v. *Alderson*, L. R., 8 App. Cas. 467.) It is not a fraud to refuse to perform an unenforcible agreement. (*Levy* v. *Brush*, 45 N. Y. 589.) If the original oral agreement is unenforcible a second unwritten promise, express or implied, cannot be of greater force than the first. Mere reliance upon such promises cannot justify their enforcement when they are, by statute, declared to be unenforcible.

Under the stipulation a verdict is directed for defendant and an exception is allowed to plaintiffs.