JOSEPH I. SIMON, Respondent, *v.* JACOB VOGEL et al., Appellants.

First Department, October 6, 1959.

*Clarence S. Barasch* for appellants.

*Morris Gutt* of counsel (*Milton C. Weisman* with him on the brief; *Weisman, Celler, Allan, Spett & Sheinberg,* attorneys), for respondent.

*Per Curiam.* Pursuant to the terms of a partnership agreement which gave the parties the right to terminate the partnership by 90 days' notice in writing, plaintiff served such a notice on February 28, 1958, effective May 28, 1958. Thereafter, attempts by the parties to agree upon a distribution of the partnership assets failed. Plaintiff then brought an action in February, 1959 for specific performance of the dissolution agreement, for an injunction restraining defendants from doing anything destructive of the partnership assets, for the appointment of a receiver and for an accounting. In that action plaintiff moved for the appointment of a temporary receiver and defendants, in addition to opposing such relief, cross-moved to stay the action pending arbitration.

The partnership agreement provided that upon any dissolution the assets were not to be liquidated but were to be " distributed to the parties as ratably and equitably as possible and in the event of any inequality, a cash adjustment shall be made between them ". In the same paragraph of the agreement it was further provided: " If they cannot agree upon the terms of such distribution, then the same shall be determined by arbitration as hereinafter provided." Moreover, paragraph 10 of the agreement additionally provided: " Any and all disputes arising hereunder shall be determined by arbitration ".

It is clear that the controversy between the parties falls within the ambit of the arbitration clauses of the agreement. The resolution of that controversy is specifically entrusted to arbitrators and the agreement delineates the mechanics to be employed by arbitrators to effect a distribution of the assets of the partnership. It is for arbitrators, and not the courts, to resolve the dispute. The arbitrators are empowered to grant specific performance. (*Matter of Staklinski [Pyramid Elec. Co.]*, 6 A D 2d 565, affd. 6 N Y 2d 159; *Matter of Grayson-Robinson [Iris Constr. Corp.]*, 7 A D 2d 367.) It was error therefore for Special Term to have denied defendants' motion for a stay of the action pursuant to section 1451 of the Civil Practice Act. That defendants have not demanded arbitration is no reason for denial of a stay of the action, for plaintiff may institute the arbitration proceeding (*Guerra v. Krueger Corp.*, 4 Misc 2d 696).

Our conclusion that the action must be stayed, in and of itself, effectively precludes appointment of a receiver *pendente lite* in this action. However, in addition, we do not share in Special Term's apprehension that a receiver was necessary for the preservation of the property and assets of the partnership. The " grave jeopardy " envisioned by Special Term does not square with the increase in the bank accounts of the partnership since

May, 1958 and the requirement that withdrawals from the various banks maintained by the partnership can only be effected by two signatures, one of which must be that of the plaintiff. There was no adequate showing, by clear and convincing proof, that a receiver was necessary for the protection of the parties and their interests. Hence, the drastic remedy of a receivership should not have been granted.

The order appointing receivers *pendente lite* of the business and assets of a copartnership should be reversed on the law and the facts, and in the exercise of discretion, and the motion denied, and order denying defendants' motion to stay the action pending arbitration reversed on the law and the facts and the motion granted, with costs to appellants.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Order of May 28, 1959 unanimously reversed on the law and on the facts, with $20 costs and disbursements to the appellants, and the motion for stay is granted, with $10 costs.

Order of July 13, 1959 unanimously reversed on the law and on the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the motion for appointment of a receiver is denied, with $10 costs.