Howard A. Zeller, J.
Plaintiff moves for summary judgment and judgment on the pleadings in this action to collect $5,000 allegedly due under an alleged contract for plaintiff’s benefit between defendants and plaintiff’s deceased spouse. Defendant Harsco Corporation cross-moves for summary judgment. There are no factual issues.
Plaintiff’s decedent had been an employee of defendant Precision Castings Company, Inc., for a number of years. In May, 1955, plaintiff’s decedent ceased his active employment at Precision Castings because of illness, and remained on inactive status at half salary until he retired September 30, 1956. Plaintiff’s decedent died March 5, 1962, without having again engaged in other employment.
On May 18,1953, the Board of Directors of Precision Castings adopted a resolution set out in part as follows:
Resolved that upon the death of any of the employees listed in this resolution and subject to the conditions set forth below, Precision Castings Company, Inc., (hereinafter called the “Company”), pay the sum set opposite such employee’s name to the widow of the employee:
NAME_POSITION_AMOUNT
Ernest Grossman Night Superintendent $5,000.00
[and others]
provided, however,
(a) this resolution may be amended or rescinded at any time and from time to time by the Board of Directors.
(b) the employee must remain continuously in the employee of the Company until the date of death, except that such payment will also be made to the widow of employees who have retired at or after age 65 or who have retired because of illness and have not thereafter engaged in other employment;
(c) no payment shall be made to any person or persons other than the widow;
(d) subject to the Company’s right of revocation and amendment, this resolution shall constitute a contract between the Company and each of said employees, the consideration for which is past and future services, and the widow of each such employee shall be entitled to the benefits provided by this resolution or any amendment thereof in effect at the time of the employee’s death;
(e) this resolution shall not be construed as a contract of employment and shall not affect the right of the Company or the employees to terminate the employment.
*563 In May, 1956, Precision Castings merged into and became a part of the defendant Harsco Corporation, which assumed the liabilities and acquired the rights and properties of Precision Castings.
On or about October 30, 1956, the Board of Directors of defendant Harsco Corporation adopted the following resolution:
whereas, under date of May 18, 1953, the Board of Directors of Precision Castings Company, Inc. adopted a resolution providing for the payment, upon the death of certain officers and key executives listed therein, of $5,000 tax free compensation to the widow of any of such persons; and
whereas, the individuals whose names were included in the original resolution, and subsequent resolutions bringing the names of individuals up to date, are covered for substantial amounts of death benefits under the group whole life insurance plan of Precision Castings Co. Division, this Board of Directors deem it necessary in the interest of economy that the aforesaid resolutions of the Precision Castings Company, Inc. be rescinded and that the practice be discontinued;
now, therefore be it resolved, that the original resolution of the Board of Directors of the Precision Castings Company, Inc. adopted May 18, 1953, including all amendatory resolutions thereto, providing for the payment of tax free compensation in the amount of $5,000 to the widow upon the death of certain individuals listed in said resolutions, be and it hereby is, rescinded effective immediately; and
be it further resolved, that the President or Secretary of this Corporation be, and they hereby are, authorized and directed to advise J. J. Punke, Executive Vice President of the Precision Castings Co. Division of this action and to instruct him to notify the individuals affected of this action.
Plaintiff contends that the 1953 resolution constituted an offer which became an irrevocable contract upon decedent’s retirement subject only to a condition subsequent that decedent remain unemployed until his death. It is plaintiff’s position that defendants lost their recognized right to unilaterally rescind the resolution upon decedent’s retirement; and that the revoking resolution of 1956 was a nullity as to plaintiff’s already matured right to receive $5,000, the date for payment of which only was fixed by decedent’s death. Plaintiff neither alleges nor claims that any rights vested in her or decedent by virtue of decedent’s contribution to the fund from which payment was to have been made.
Plaintiff ignores the clear, explicit and repeated reservations by the offeror of the right to alter, amend or rescind the 1953 resolution. The 1953 resolution was at most an offer of a unilateral agreement which could be accepted only by the performance or occurrence of all the specified conditions precedent prior to defendants ’ withdrawal of the offer, which the offeror clearly reserved the right to do. By the 1956 resolution defendant Harsco did exercise the reserved right to withdraw the offer *564 prior to the happening of all the events upon which the offer was expressly conditioned, one of which was decedent’s death.
In short, the 1953 resolution was a mere revocable expression of an intent which never reached fruition as far as this plaintiff is concerned. (See Evans v. 2168 Broadivay Corp., 281 N. Y. 34; McNevin v. Solvay Process Co., 32 App. Div. 610, affd. 167 N. Y. 530; Burgess v. First Nat. Bank, 219 App. Div. 361; Kravitz v. Twentieth Century-Fox Corp., 5 Misc 2d 368.)
Plaintiff’s motions for judgment should be denied and defendant Harsco Corporation’s motion for summary judgment dismissing the complaint as to both defendants should be granted.