■ GERTRUDE G. NOVACK, Appellant, v. BILNOR CORPORATION, Respondent, et al., Defendant.— In an action pursuant to statute (former Civ. Prac. Act, § 795) by a judgment creditor of the defendant Novac (plaintiff's husband) against the latter and Bilnor Corporation (his former employer) to recover upon certain debts allegedly due to him from the corporation, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated April 29, 1963 and entered May 22, 1963, as (1) denied the portion of plaintiff's motion for summary judgment against Bilnor which was for amounts allegedly owed to defendant Novac under Bilnor's profit sharing plan and (2) granted Bilnor summary judgment as to plaintiff's claim for said amounts. Order reversed insofar as appealed from, with $10 costs and disbursements; the granting of plaintiff's motion for summary judgment is hereby directed to include the above-mentioned amounts; and action remitted to the court below for the entry of an appropriate judgment in plaintiff's favor. This dispute

involves the construction of a letter sent by Bilnor to its former employee, Novac. The letter informed Novac that Bilnor's Board of Directors had passed a resolution providing for the payment to Novac of 2% of Bilnor's estimated net profits for the 12-month period ending October 31, 1961, provided Novac remained continuously in Bilnor's employ during that period. The letter went on to provide that the "resolution above referred to is a voluntary action of the Board and is not to be deemed to create a contractual obligation." We construe this provision to mean that the resolution created a unilateral offer and that there would be no liability until Novac's acceptance thereof by remaining in Bilnor's employ for the specified period (see *Tilbert* v. *Eagle Lock Co.*, 116 Conn. 357). The continuation in employment by Novac affords consideration sufficient to impose liability upon Bilnor (see *Morschauser* v. *American News Co.*, 6 A D 2d 1028; 1A Corbin, Contracts, § 153). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.