ERNEST E. BISBING et al., Appellants, *v.* STERLING PRECISION CORPORATION et al., Respondents.

Third Department, July 8, 1970.

*James L. Burke* for appellants.

*Winner, Sullivan & Delaney (George H. Winner* of counsel), for respondents.

SWEENEY, J. This is an appeal from an order of the Supreme Court at Special Term, entered August 7, 1969 in Chemung County, which granted the motion of defendant, Sterling Precision Corporation, for summary judgment.

According to the complaint and affidavits submitted, plaintiffs are retired employees of the several defendants (hereafter collectively referred to as Sterling). They were all key skilled personnel on salary for a company engaged in the manufacture of various types of fire-fighting equipment which, from about 1955 through 1959, was faced with fiscal problems. Sterling was also having union negotiations with production workers as a result of which plaintiffs were required to work many overtime hours without compensation. After a union settlement was achieved, salaried employees requested increases which were not given. Many of the salaried personnel, including plaintiffs, threatened to quit. However, because of the highly specialized nature of Sterling's production and sales and the need for such experienced employees, their retention was essential. Plaintiffs were urged to continue working, and in the words of the president of American LaFrance Division

of Sterling at the time, "I * * * told them the company in the spring of 1958, as we were doing for the production workers, would establish a new schedule of life insurance through Metropolitan at no cost to them. I reminded them of their retirement benefits which we were then changing and told them that the company would pay the necessary premiums to permanently maintain this new life insurance after retirement, if they stayed with us until retirement * * * ". Plaintiffs, relying on such promise, thereafter continued to work for Sterling until retirement. The company, in turn, effected group life insurance on the lives of plaintiffs as agreed, paying the premiums thereon continuously. In May of 1966 the interest of Sterling was acquired by defendant "Automatic Sprinkler Corporation of America" which continued to pay premiums on the group life insurance until April 1, 1967, when it reduced the amount of such coverage on each of the plaintiffs.

Plaintiffs seek damages for breach of contract or, in the alternative, specific performance of the alleged contracts to provide and maintain the agreed amount of such life insurance coverage. At the outset it should be pointed out that the complaint seeks relief in equity. The answer of Sterling contains a denial of the existence of any contracts whereby it became obligated to maintain life insurance coverage on plaintiffs permanently, and sets up the Statute of Frauds as an affirmative defense. Special Term granted summary judgment, determining that the most that could be established through all of the written documentaries and proof adduced on the motion was that Sterling had expressed a present intent to do a future act. It held further that a life insurance contract comes within the Statute of Frauds and, therefore, plaintiffs are barred as a matter of law.

The drastic remedy of summary judgment should not be granted where there is any doubt as to the existence of a material and triable issue, or where the issue is arguable. (*Glick & Dolleck* v. *Tri-Pac Export Corp.*, 22 N Y 2d 439, 441.) The court may not weigh the credibility of the affiants on the motion unless it clearly appears that the issues are not genuine, but feigned. (*Curry* v. *MacKenzie*, 239 N. Y. 267, 269–270.) We must look at the record most favorably to the factual showing of the parties asserting a right to trial. (*Regnal Realty Corp.* v. *McBride Transp.*, 25 A D 2d 703.)

We conclude that the complaint and the affidavits submitted by plaintiffs present triable issues of fact. Basically, the complaint states facts which, if true, result in a unilateral contract, the consideration for which was fully performed by plaintiffs.

Compliance with defendant's offer created a contract supplementary to the contract of employment. It was an inducement to plaintiffs to remain in the employ of defendant. They were not obligated to remain. Defendant Sterling received a benefit in the efficient and skilled service of plaintiffs who forbore their right to terminate their employment and thus manifested acceptance. There was a representation of an intention made on the part of Sterling to assume at a future time the burden of permanently maintaining life insurance coverage on the lives of the respective plaintiffs for their remaining in its employ until retirement. By that avowed intention plaintiffs were induced to act. Their conduct was a sufficient acceptance of the proposition and furnished the consideration for Sterling's undertaking. The doing of an act by the promisee which he need not have done unless he chose, but being done at the instigation of the promisor, completes the contract and makes the promise binding. (See 1 Williston, Contracts [3d ed.], § 13; *White* v. *Baxter,* 71 N. Y. 254, 259; *Matter of Larney,* 148 Misc. 871, 874–878.) The consummation of a unilateral contract vests in the promisee an indefeasible right to the promised benefits. (*Scoville* v. *Surface Tr.,* 39 Misc 2d 991.)

In many of the documents submitted by the parties, while expressing the hope that the plan would continue indefinitely, the company stated, ''your Company reserves the right to change or terminate the plan in the future. '' We must be mindful that the complaint here is based on an oral contract. These documents were not a part of that oral agreement but were evidence of the oral contract being performed. Although some of these documents predate the promise relied on, the 1959 '' booklet '' issued by Sterling and distributed to its employees repeated the reservation as it had also appeared verbatim in its 1957 '' booklet '' issued prior to the alleged promise. Whether this amounted to a revocation of Sterling's offer, or whether plaintiffs could reasonably and fairly continue to perform their acceptance in full reliance on the promise is a question of fact for the trier. Where the Ohio Supreme Court was faced with a similar issue in *Cantor* v. *Berkshire Life Ins. Co.* (171 Ohio St. 405), it held that whether a retirement plan was contributory or noncontributory, *and even though the employer had reserved the right to amend or terminate the plan,* once an employee, who had accepted employment under such plan, had complied with all the conditions entitling him to participate in such plan, his right became vested and the employer could not divest the employee of his rights thereunder.

The case of *Grossman* v. *Precision Castings Co.* (36 Misc 2d 561, affd. 19 A D 2d 921) is not to the contrary. In that case our court affirmed Judge ZELLER's determination that a resolution of a board of directors whereby the employer agreed to pay extra compensation to the widow of a retired employee upon the happening of certain events, but reserved the right to amend or rescind the resolution was, at most, an offer of a unilateral agreement which could be accepted only by the performance or occurrence of the specified conditions precedent prior to defendant's withdrawal of the offer. There it was held that the resolution was a mere revocable expression of an intent which never reached fruition as far as the plaintiff was concerned because the offer was withdrawn prior to the happening of all the events upon which the offer was conditioned. In the instant case, however, there was complete performance by the plaintiffs before the offer was withdrawn. Consequently, we conclude that unless as a matter of law the alleged contract is unenforceable because of the Statute of Frauds, summary judgment should not have been granted. Here again we determine that a triable issue of fact is raised as to whether Sterling is not estopped from invoking the aid of the Statute of Frauds.

Although the insurance policies underlying the individual certificates when issued contained a termination clause, all standard group life insurance policies in New York contain such language. Once more, it must be borne in mind that the contract in question was an oral one and the insurance policies were not a part of that contract. In any event, there are ample averments in the affidavits submitted by plaintiffs to create a question of fact as to whether Sterling, through its agents, kept reassuring plaintiffs after the promise was made up to the time of their retirement that their life insurance coverage would continue after retirement at no cost to them, thus representing no intent to modify the promise relied on. As was said by Judge COLLIN in *Rothschild* v. *Title Guar. & Trust Co.* (204 N. Y. 458, 464) : " When a party with full knowledge, or with sufficient notice of his rights and of all the material facts, freely does what amounts to a recognition or adoption of a contract or transaction as existing, or acts in a manner inconsistent with its repudiation, and so as to affect or interfere with the relations and situation of the parties, he acquiesces in and assents to it and is equitably estopped from impeaching it, although it was originally void or voidable. " (See, also, *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292; *Wikiosco, Inc.* v. *Proller*, 276 App. Div. 239; *Posner* v. *New York*

*Mut. Underwriters,* 33 Misc 2d 653, affd. 16 A D 2d 1013). As to whether the circumstances warrant estoppel in a particular case, it is a question of fact. (*Weiss* v. *Weiss,* 268 App. Div. 1058.)

The order should be reversed, on the law, and the motion for summary judgment denied, without costs.

REYNOLDS, J. (dissenting). I cannot agree that there exist triable issues requiring a plenary trial and would thus affirm Special Term's granting of summary judgment in favor of the respondents.

Concededly, respondents undertook to provide insurance coverage for the appellants. However, it is also manifest that all memoranda, brochures, letters or other written communications concerning the status of the group insurance plan and policies, while expressing the hope that the plan agreed upon would continue indefinitely, specifically noted that "the right is reserved to change or terminate the plan at any time in the future". Thus, under the terms of the writings produced, appellants have no cause of action for the April 1, 1967 reduction in coverage. The majority notes this, but, nevertheless, finds a triable issue as to the existence of an oral agreement to provide coverage without a reservation permitting alteration or termination by the respondents. But since here the asserted obligation to pay the life insurance premiums continued until the instant of death, the Statute of Frauds (General Obligations Law, § 5-701, subd. 1) is clearly applicable to this alleged oral agreement in that in no event can performance be completed within a year or before the end of a lifetime (*Friedman* v. *Markman,* 11 A D 2d 57, 62; *Rubenstein* v. *Kleven,* 261 F. 2d 921). And there are no acceptable reasons advanced to remove the alleged oral agreement from the Statute of Frauds. Any claim of part performance by the appellants is not availing. Except for agreements relative to the sale of real property or contracts for sale of goods which are governed by the terms of section 2-201 of the Uniform Commercial Code, full performance by both parties is necessary to take an agreement out of the Statute of Frauds (*Wahl* v. *Barnum,* 116 N. Y. 87; *Rosen* v. *Greenfield Co.,* 25 A D 2d 802; *Bayreuther* v. *Reinisch,* 264 App. Div. 138, 141, affd. 290 N. Y. 553). Even where part performance is sufficient, it must be unequivocally referable to the alleged agreement (*Wilson* v. *Le Van,* 22 N Y 2d 131; *Burnside & Co.* v. *Havener Securities Corp.,* 25 A D 2d 373) and appellants' claimed performance — continuing to work for the respondents — is not unequivocally referable to an agreement to provide continuous insurance coverage for

432

them. Nor can I agree with the majority's assertion that the doctrine of estoppel might preclude respondents from asserting the Statute of Frauds as a defense. Absent fraud, intentional misrepresentation, unjust enrichment or other special circumstances, which are not present here, respondents are not estopped from invoking the Statute of Frauds (*Scheuer* v. *Scheuer*, 308 N. Y. 447, 452; *Awad & Co.* v. *Pillsbury Mills*, 9 A D 2d 870; *Goldberg* v. *Colonial Life Ins. Co. of Amer.* 284 App. Div. 678, app. dsmd. 308 N. Y. 958; *Newkirk* v. *Bradley & Son*, 271 App. Div. 658). Under the facts in this case to permit the use of estoppel would leave little left of the statute (*Connell* v. *Slater*, 137 Misc. 249).

Accordingly, I vote to affirm.

HERLIHY, P. J., and STALEY, JR., J., concur with SWEENEY, J.; REYNOLDS J., dissents and votes to affirm, in opinion in which GREENBLOTT, J., concurs.

Order reversed, on the law, and motion for summary judgment denied, without costs.