Frank Composto, J.
In this action for goods sold and delivered and repudiation of contract, defendant moves for an order compelling arbitration pursuant to CPLR 7503 (subd [a]).
It being conceded that the contract was made, the only issue presented is whether the agreement was complied with. The arbitration clause reads in part:
"[I]t is agreed that prior to either Purchaser or Seller exercising any right of litigation, any dispute or claim involv *380 ing interpretation or application of any of the provisions of this order shall be submitted to arbitration in Miami, Florida under the then existing rules of the American Arbitration Association.”
It is well settled that under a broad provision for arbitration, such as we have here, arbitration may be had as to all issues arising subsequent to the making of the contract (Matter of Terminal Auxiliar Maritima, S. A. [Winkler Credit Corp.], 6 NY2d 294, 298). As stated in Matter of Exercycle Corp. (Maratta) (9 NY2d 329, 334) "It has long been this State’s policy that, where the parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration.” Under the broad arbitration clause in this agreement to purchase, the interpretation and application of the agreement are exclusively for the arbitrators and not for the court, once it is found that the dispute is a genuine one (Matter of Transpacific Transp. Corp. [Sirena Shipping Co., S.A.] 9 AD2d 316, 320).
Although the court finds that defendant is entitled to have this matter arbitrated, it is of the opinion that it lacks the power to compel arbitration in Miami, Florida (Matter of Inter-Ocean Food Prods. [York Mercantile Co.] 206 App Div 426), and since CPLR 7503 no longer provides for a simple stay in the absence of an order compelling arbitration, this court can do no more than grant a stay of plaintiff's action pursuant to CPLR 2201 (Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.], 29 AD2d 773).
Accordingly, plaintiff’s action is hereby stayed.