■ EDUCATIONAL GUIDANCE CENTER FOR THE RETARDED, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57444.)—Appeal from a judgment, entered July 14, 1975, upon a decision of the Court of Claims. The claimant, a not-for-profit, tax-exempt charitable corporation, operated a vocational rehabilitation training center for adult mentally retarded persons in Manhattan. The New York State Office of Vocational Rehabilitation (OVR) referred mentally retarded young adults to claimant for vocational training programs lasting from 7 to 39 weeks. These referrals were in the form of "authorizations" which specified, among other things, the duration of the training period, the weekly rate and the total cost of the training for each referral. Claimant's executive director left claimant's employ in September, 1972 to become executive director of a newly organized concern and advised OVR that claimant had ceased operations. This was done without claimant's authorization, but with the knowledge of claimant's president and at least one other director. OVR thereafter stopped referring new clients to claimant and authorized claimant's clients to be transferred as of October 30, 1972 to the facility where claimant's past executive director was then employed. The transfer of referrals forced claimant to end its operation. Several of the "authorizations" allowed claimant to continue training clients beyond October 30, 1972, and claimant began this action based on breach of contract for the balance it would have earned if allowed to perform under these authorizations. Claimant was awarded the stipulated sum of $152 for past services rendered but the Court of Claims dismissed the remainder of claimant's claim. This appeal ensued. Claimant's argument on

this appeal is based on the theory that each authorization constituted a contract binding the State to pay claimant for the entire term of training specified in each authorization. The authorization forms, however, merely state that claimant was authorized to furnish certain services to specific clients and set forth the term and weekly rate to be paid for services. This court is of the view that these authorizations constituted no more than offers by the State to pay for services actually rendered by claimant. The record reveals that OVR could reject claimant's services in an individual case if claimant was not performing satisfactorily and also that OVR had the right not to pay claimant when clients were absent for certain periods of time. At most the authorizations amounted to offers of unilateral contracts which only became binding upon the State when the services were performed by claimant (see *Bisbing v Sterling Precision Corp.,* 34 AD2d 427). Since claimant performed no services for OVR after October 30, 1972, the State is not bound by any enforceable obligation to pay for services authorized to be performed after that date. In view of this determination it is unnecessary to pass on the other issues raised on this appeal. The judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.