OPINION OF THE COURT
Bentley Kassal, J.
ISSUES
This application involves two issues. They are:
(a) Is the court empowered under CPLR 7503 (subd [a]) to stay legal action because of an arbitration agreement binding upon plaintiff’s union despite the court’s inability to compel the parties to submit to arbitration?
(b) Will the performance of work, labor and services by a party satisfy the requirements of the Statute of Frauds (Uniform Commercial Code, § 8-319, subd [b]) in the same manner as "payment” as employed therein?
The consideration of these issues warrants further review. Accordingly, the defendants’ motion for leave to reargue is granted and upon reargument the prior decision of this court, dated June 20, 1979, is modified to the following extent:
FIRST CAUSE OF ACTION
For the reasons assigned in the prior decision, the first cause of action', seeking payment for overtime work, is subject to arbitration under the terms of the collective bargaining agreement between plaintiff’s union and the defendant. Based upon this arbitration agreement, the original notice of motion *743 sought, as the first request for relief, "an order pursuant to CPLR 7503(a) staying the First Cause of Action.”
Since the express terms of CPLR 7503 (subd [a]) provide for a day of an action only in conjunction with an order granting a motion to compel arbitration, the motion, in essence, was treated as a motion to compel arbitration and the decision directed the same, as well as a stay of the action. The power of this court to direct arbitration, even though the notice of motion requested only a stay of this action, cannot be questioned. (Marshall Ray Corp. v Haedke & Co., 16 NY2d 967; A. Burgart, Inc. v Foster-Lipkins Corp., 63 Misc 2d 930, affd 38 AD2d 779, affd 30 NY2d 901.)
However, on reargument, the defendants contend that the relief should have been limited to a stay and arbitration should not have been directed because, inter alla, the other signatory party to the collective bargaining agreement — the plaintiffs union — was not before the court. Further, pursuant to the terms of the agreement, the defendant was not obligated to arbitrate claims with plaintiff, but only with his union. I find that these additional factors are compelling and persuasive and, accordingly, I am vacating my direction that the parties proceed to arbitration.
The question thus presented is whether the defendant may now obtain a stay of this application independent of an order compelling arbitration pursuant to CPLR 7503 (subd [a]). Section 1451 of the Civil Practice Act had expressly provided such a remedy but CPLR 7503 does not, which has resulted in conflict of opinion on the subject. Professor Joseph M. McLaughlin, in his Practice Commentary (McKinney’s Cons Laws of NY, Book 7B, CPLR 7503, p 293, 1965 Supplementary Practice Commentary), stated: "It would appear, therefore, that there is no remedy available to a party who wishes to stay an action without taking the affirmative of compelling arbitration.” However, Weinstein-Korn-Miller (vol 8, NY Civ Prac, par 7503.18) states: "If the courts’ power to grant it is not implicit in Article 75, CPLR 2201 fills the void, as it provides them with broad authority to stay actions pending before them.” Following the reasoning of the Weinstein-KornMiller statement, a number of cases have expressly or impliedly recognized the right to obtain a stay without an order compelling arbitration. (See, generally, Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.], 29 AD2d 773, affd 27 NY2d 357; Adelphi Enterprises v Mirpa, Inc., 33 AD2d *744 1019; King Records v Brown, 21 AD2d 593; Board of Educ. v Delle Cese, 65 Misc 2d 473; Industrial Iron & Steel Prods. Co. v General Bronze Architectural Prods. Div. of Allied Prods. Corp., 85 Misc 2d 379.)
Under the facts of this case, a stay of this cause of action is appropriate. (King Records v Brown, supra; Simon v Vogel, 9 AD2d 63.) Accordingly, the motion is granted only to the extent of staying the first cause of action.
SECOND CAUSE OF ACTION
The defendant also reargues its motion, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the second and third causes of action for insufficiency. The second cause of action seeks damages for fraud and deceit resulting from the alleged failure of the defendants to comply with their agreement that the plaintiff would be made a 50% partner in the defendant business. In support of their motion, defendants cite Greenberg v Friedman (NYLJ, July 24, 1979, p 6, col 2) where this court sustained a defense of Statute of Frauds (Uniform Commercial Code, § 8-319, subd a) and dismissed the complaint of an employee who had claimed his employer had agreed to give him an interest in the employer’s business. In the Greenberg case, the writing relied upon stated (p 6, col 2) that plaintiff’s alleged interest was "to be purchased and payed [sic] back * * * out of the profits from this new partnership arrangement” without reciting a purchase price or other specific terms. Accordingly, this court found that the writing did not satisfy subdivision (a) of section 8-319 of the Uniform Commercial Code which requires that the contracts state "a defined or stated price”.
The copy of the alleged agreement offered in the instant case, bearing the purported signature of defendant Fred Charlton, states: "As per the drawing up of a formal partnership agreement, and as of the above date, Richard Heimlich and Fred Charlton are 50-50 partners in Fred Charlton Lithographing, Inc. Formal papers are to be drawn up as soon as possible”.
Unlike the writing offered in the Greenberg case (supra), this document does not represent a contract for the future sale of securities at an agreed price. Rather, it is apparently a memorandum of a completed transaction. In fact, paragraphs 7 and 8 of the complaint state:
*745 "7. That prior to June 30, 1977, plaintiff was an employee of defendants, performing printing pressman services for approximately 2 or more years. That on or about June 30, 1977, plaintiff and defendant, feed charlton, acting on behalf of fred charlton, individually, and as officer of defendant, charlton lithographing, inc., reached an agreement for defendants and plaintiff to become 50-50 partners in the business then being conducted by defendant, fred charlton, as officer and owner of defendant coroporation herein.
"8. That by reaching said agreement, plaintiff thereafter performed thousands of hours of overtime services without any payment or remuneration from defendants, in expectation of receipt of 50% of the profits from defendants’ operations.”
From the above, it appears that the essence of the second cause of action is that the parties had agreed to the sale to plaintiff of 50% of the business and that, as payment therefor, the plaintiff had performed services for one year prior to the memorandum dated June 30, 1978.
Upon the assumption that the facts stated in the complaint are true, as the court must on a motion to dismiss, the document offered is not sufficient to comply with subdivision (a) of section 8-319 of the Uniform Commercial Code. However, it does comply with subdivision (b) of section 8-319 of the Uniform Commercial Code, which requires, for enforcement of the contract that, "delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment”.
To the extent that the complaint alleges that services were rendered, rather than money paid, for the stock in the defendant’s business and such services were rendered, the complaint states a cause of action which is not barred by section 8-319 of the Uniform Commercial Code. (See, generally, Roman v Morrissey, 517 SW2d 929, 935-936 [Mo].)
Accordingly, the motion to dismiss the second cause of action is denied.
THIRD CAUSE OF ACTION
The third cause of action states:
"13. That plaintiff has insufficient records to establish the amounts of time spent in performing the work, labor and services as a printing pressman for defendants.
*746 "14. That by reason thereof, plaintiff prays for an accounting of the defendants for purposes of establishing all of the billing and sales made as a result of the work, labor and services by the plaintiff herein, and for purposes of establishing the overtime services provided by the plaintiff herein, and to establish the value thereof.”
The fact that a party lacks adequate disclosure, by way of sufficient records to establish the exact amount of the time he allegedly spent in performing the work, labor and services sued upon or the billing and sales made the defendant, does not constitute a sufficient basis for an equitable action for an accounting. The proper procedure is to commence an action at law, alleging, upon information and belief, an approximation of damages (which plaintiff has in fact done in the first two causes of action) and, thereafter, to ascertain the true amount through appropriate disclosure. (Terner v Glickstein & Terner, Inc., 283 NY 299; Block v Selectar Mfg. Corp., 56 NYS2d 845.)
As alleged, the requisite elements for an accounting, an equitable cause of action, are insufficient. The underlying action at law for work, labor and services is covered by the first cause of action. Accordingly, the motion to dismiss the third cause of action is granted.