■ DAVID L. PALMERTON, Respondent, v ENVIROGAS, INC., Appellant, et al., Defendant. — Order unanimously affirmed, with costs. Callahan, J., not participating. Memorandum: Defendant Envirogas, Inc., was formed to drill for natural gas from wells in Western New York. John Clarey, president/chairman and major stockholder of Envirogas, Inc., conceived the idea of forming limited partnerships to lease drilling sites and to then contract with Envirogas, Inc., to drill and maintain the wells. Plaintiff David Palmerton claims that in 1976 he was approached by Clarey and asked to invest in a limited partnership, the 1976-A Drilling Program. In ensuing discussions, according to plaintiff, Clarey told him that if he invested in the limited partnership and introduced Clarey to other potential investors, plaintiff could become a stockholder in Envirogas. Plaintiff claims that he made such investment, that he introduced Clarey to several persons who also invested in the limited partnership and, additionally, that he paid $5,000 in cash in expectation of receiving 10% of the stock. When Envirogas refused to issue the stock, plaintiff instituted this action for, *inter alia,* specific performance and breach of contract. In support of his contention plaintiff relies on a letter of January 25, 1977, which states as follows: "Dear Dr. David L. Palmerton, 9305 Hunting Valley Rd. Clarence, New York As consideration for your assistance in certain corporate matters, Envirogas, Inc. hereby agrees to issue to David L. Palmerton ten percent (10%) of the stock of Envirogas, Inc., a New York Corporation, with its principal place of business at 1260 N. Forest, Williamsville, New York 14221. Said stock to be issued as soon as possible. Very truly yours, [S/] John M. Clarey, John M. Clarey President." Defendant moved for summary judgment dismissing the complaint on the ground that the letter is insufficient to satisfy the Statute of Frauds applicable to stock transactions. Section 8-319 of the Uniform Commercial Code provides, in pertinent part, as follows: "A contract for the sale of securities is not enforceable by way of action or defense unless (a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or (b) delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or * * *." Without addressing the question of whether the writing meets the requirements of subdivision (a), it seems clear that the services performed

by plaintiff, if established as true, would constitute "payment" within the contemplation of subdivision (b). Summary judgment, of course, should not be granted where there is any doubt as to the existence of a triable issue *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Goldstein v County of Monroe,* 77 AD2d 232, 236) or where the issue is " 'arguable' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Moyer v Briggs,* 47 AD2d 64, 66-67; *Bisbing v Sterling Precision Corp.,* 34 AD2d 427, 428). "When reviewing a motion for summary judgment the focus of the court's concern is issue finding, not issue determination, and the affidavits should be scrutinized carefully in the light most favorable to the parties opposing the motion [citations omitted]" *(Goldstein v County of Monroe,* 77 AD2d 232, 236, *supra).* Plaintiff asserts, by way of affidavit, that prior to January 25, 1977 he had invested $31,000 in the limited partnership and recruited several other investors. Those services would constitute "payment" under subsection (b) of section 8-319 (see *Heimlich v Charlton Lithographing,* 103 Misc 2d 741, 744-745; see, also, *Cumming v Johnson,* 616 F2d 1069, 1072-1073; *Burns v Gould,* 172 Conn 210, 220-222; *Baldassarre v Rare Metals Derivatives,* 444 Pa 100, 103). Additionally plaintiff claims that on January 25, 1977 the parties modified their agreement whereby plaintiff paid an additional $5,000 and in exchange was to receive 10% of the stock. Viewing those facts in the light most favorable to the plaintiff, he has established an oral agreement for the sale of securities for which full payment was made in the form of services rendered plus cash. Although plaintiff must show that the payment is unequivocally referable to the contract *(Burnside & Co. v Havener Securities Corp.,* 25 AD2d 373), defendant is not entitled to summary judgment merely by asserting a different version of the facts. Whether plaintiff's conduct is unequivocally referable to the oral contract involves a factual determination and thus precludes summary judgment (see *Bisbing v Sterling Precision Corp.,* 34 AD2d 427, *supra).* As a second basis for seeking summary judgment, Envirogas claims that Clarey lacked authority to bind the corporation to such an agreement. It appears from the affidavit that Clarey was the incorporator of Envirogas, chairman of the board, president, treasurer, corporate attorney, major shareholder and that his home was the corporate office. The record indicates that in all respects defendant Clarey was the moving force behind the business operation. Plaintiff claims that Clarey had apparent if not actual authority to bind Envirogas and thus has raised an additional factual question which must be determined on a full plenary hearing. Plaintiff has met his burden of demonstrating "by admissible evidence the existence of a factual issue requiring a trial of the action" *(Zuckerman v City of New York,* 49 NY2d 557, 562), and the motion for summary judgment was properly denied. (Appeal from order of Erie Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Callahan, Denman and Schnepp, JJ.