■ HAZEL C. K. BADMAN, as Executrix of RICHARD F. KISE, Deceased, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, Appellant. — Order reversed, without costs, defendant's motion granted and complaint dismissed. Memorandum: Plaintiff's decedent, Richard Kise, brought this action against the defendant, Civil Service Employees Association (CSEA), for breach of its duty of fair representation. In the complaint, plaintiff states that the association refused to provide Kise with an attorney to represent him in the arbitration of a grievance he filed with his employer, Wayne County Sheriff's Department. Plaintiff alleges that the defendant, CSEA, acted in bad faith under political pressure exerted by county officials motivated by Kise's support of a candidate for Sheriff whom the county officials opposed. Defendant moved for summary judgment dismissing plaintiff's complaint. Special Term denied the motion, and defendant appeals. The order of Special Term must be reversed and defendant's motion for summary judgment granted. To sustain a cause of action for breach of the duty of fair representation there must be substantial evidence of fraud, deceitful action, or dishonest conduct, or evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives (*Motor Coach Employees v Lockridge*, 403 US 274, 299, 301; *Humphrey v Moore*, 375 US 335, 348). A plaintiff opposing a motion for summary judgment must lay bare his proof in evidentiary form and raise an issue of fact sufficient to send to the jury (*Indig v Finkelstein*, 23 NY2d 728). He cannot rely upon the hope that somehow, on cross-examination of the defendant's witnesses, he can establish his case (*Trails West v Wolff*, 32 NY2d 207, 221; see *Bachrach v Farbenfabriken Bayer AG.*, 36 NY2d 696, 697). Here, the affidavits submitted

by the defendant, CSEA, in support of the motion for summary judgment, contain evidentiary facts showing that it acted in good faith. The local CSEA representatives approved Mr. Kise's request that CSEA provide an attorney, and the CSEA official in the central office in Albany swore that he made the decision not to provide an attorney based solely upon his consideration of the merits of the grievance, without any communication, directly or indirectly, from the local CSEA representatives. In opposition to the motion, plaintiff has failed to come forward with facts sufficient to defeat the motion for summary judgment. The sole affidavit in opposition was sworn to by plaintiff's attorney and it contains no facts either disputing the matters set forth in the defendant's affidavits or supporting plaintiff's allegation that the defendant breached its duty of fair representation. Concur — Simons, J. P., Hancock, Jr., Boomer and Moule, JJ.

Callahan, J., dissents and votes to affirm in the following memorandum: I would affirm for the reasons stated in the memorandum decision of the Honorable John A. Mastrella at Special Term. It is true that the affidavit of plaintiff's attorney, submitted in opposition to defendant's summary judgment motion, has 'no probative value because it was not based upon personal knowledge (*Marine Midland Bank v Hall,* 74 AD2d 729). However, defendant is not entitled to summary judgment merely by asserting a different version of the facts. In order to obtain summary judgment it is still necessary that movant, CSEA, establish its defense sufficiently to warrant the court, as a matter of law, in directing judgment in its favor (CPLR 3212, subd [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). As this court stated in *Palmerton v Envirogas, Inc.* (80 AD2d 996, 997): "Summary judgment, of course, should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Goldstein v County of Monroe,* 77 AD2d 232, 236), or where the issue is ' "arguable" ' (*Sillman v Twentieth-Century-Fox Film Corp.,* 3 NY2d 395, 404; *Moyer v Briggs,* 47 AD2d 64, 66-67; *Bisbing v Sterling Precision Corp.,* 34 AD2d 427, 428). 'When reviewing a motion for summary judgment the focus of the court's concern is issue finding, not issue determination, and the affidavits should be scrutinized carefully in the light most favorable to the parties opposing the motion [citations omitted]' (*Goldstein v County of Monroe,* 77 AD2d 232, 236, supra*).*" Whether defendant's refusal to provide legal assistance was arbitrary involves a factual determination which precludes summary judgment. (Appeal from order of Supreme Court, Wayne County, Mastrella, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Boomer and Moule, JJ.