■ BENJAMIN CENTER, Individually and as a Shareholder of HAMPTON AFFILIATES, INC., Appellant, v HAMPTON AFFILIATES, INC., et al., Respondents. — In an action, *inter alia,* for specific performance of an agreement to transfer stock, plaintiff appeals from an order of the Supreme Court, Nassau County (McGinity, J.), dated May 12, 1982, which denied his motion for partial summary judgment, granted the defendants' cross motion for summary judgment and dismissed the complaint. Order modified by deleting the provisions granting the defendants' cross motion for summary judgment and dismissing the complaint and substituting a provision denying the cross motion. As so modified, order affirmed, with $50 costs and disbursements to the plaintiff, and the complaint is reinstated. The agreement in question provides, *inter alia,* that "[s]ubject to the terms and conditions of [certain specified agreements] and of this agreement * * * the Donor [Frank Silverman] does hereby make a gift to the Donee [plaintiff] of ten (10) shares of the no par value common stock"; that "the Donor is unable to deliver to the Donee the stock which is the subject of the gift herein set forth since the same has been pledged"; and that upon the return to the donor of the pledged stock, "he will forthwith cause the appropriate number of shares to be transferred to the Donee, subject, however, to the terms and conditions of this agreement." The agreement further pro-

vides: "4. In the event that at any time prior to the delivery by the Donor to the Donee of the shares of stock being given by the Donor to the Donee hereunder, the Donee shall cease his employment with Hampton or any of its subsidiaries or affiliates for any reason other than his death or total disability, then upon the occurrence of such termination of employment this agreement and all the obligations of the Donor hereunder shall become null and void and of no effect whatsoever and the Donor shall be under no obligation whatsoever to the Donee hereunder." The papers submitted on the motion and cross motion, including the testimony adduced at pretrial examinations, present triable issues of fact as to whether the plaintiff's continued employment with Hampton for a period of several years after the pledged shares were returned to the "Donor" resulted in an enforceable unilateral contract (see *Novack v Bilnor Corp.*, 26 AD2d 572; *Bisbing v Sterling Precision Corp.*, 34 AD2d 427; Calamari & Perillo, Contracts [2d ed], § 4-15, pp 157-158). O'Connor, J. P., Bracken, Rubin and Boyers, JJ., concur.