■ GEORGIA BABCOCK, Individually and as Administratrix of the Estate of GERALD BABCOCK, Deceased, Appellant-Respondent, v CHRIS ALLAN et al., Defendants; HUGH ALLAN, Respondent, and HUGH ALLAN & ASSOCIATES, INC., Respondent-Appellant. (Action No. 1.) GEORGIA BABCOCK, Individually and as Guardian and Natural Mother of LINDA BABCOCK and Another, Infants, Appellant, v CHRIS ALLAN et al., Defendants, and HUGH ALLAN, Respondent. (Action No. 2.) (Appeal No. 3.) —Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The order is modified by dismissing the complaint in action No. 1 against the defendants Hugh Allan and Hugh

Allan & Associates. On their motion for summary judgment, those defendants met their burden by submitting proof in evidentiary form that they did not own the automobile driven by Chris Allan and that, at the time of the collision, Chris Allan was not acting as their agent or servant. The plaintiffs submitted no proof in opposition and failed to show that "facts essential to justify opposition may exist but [could not] then be stated" (CPLR 3212 [f]). A mere hope that somehow plaintiffs will uncover evidence that will prove their case is not sufficient to defeat a motion for summary judgment *(see, Trails W. v Wolff,* 32 NY2d 207, 221; *Badman v Civil Serv. Employees Assn.,* 91 AD2d 858). Plaintiffs had ample opportunity to develop the facts before defendants moved for summary judgment. (Appeals from order of Supreme Court, Erie County, Mintz, J.—discovery.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.