■ CAROL WRIGHT SALES, INC., a Wholly Owned Subsidiary of DUN & BRADSTREET CORPORATION, Appellant, v YANGMING MARINE TRANSPORT CORP. et al., Respondents, et al., Defendants.

Plaintiff brought this action to recover approximately $130,-000 for damage to a shipment of cloth "tote bags". The complaint alleges that the tote bags were delivered by plaintiff to Yangming and Solar in good condition in Taipei and delivered in damaged condition to plaintiff's warehouse in Minnesota. The details of the route by which the merchandise was transported are not in dispute. Nor is it disputed that the tote bags were in good condition when delivered to Yangming and Solar in Taipei, and were found to be damaged when unloaded in Minnesota. Upon delivery to Yangming, the merchandise was sealed in a shipping container and loaded aboard Yangming's vessel, *The Tai Lung,* in Hong Kong. This vessel carried the container to Port Elizabeth, New Jersey, at the direction of Solar. The container was off-loaded at Port Elizabeth by Maher Container Terminal (Maher) and remained on its premises until "Selective Trucking" picked up the container and delivered it to Consolidated Rail Corporation's (Conrail) yard in Croxton, New Jersey. The container was then transported by rail to Conrail's train yard in Chicago where it was trucked across town by "Cushing 54" to Milwaukee Railroad's yard for shipment to Minnesota, its ultimate destination. Upon arrival in Minnesota the container was found to have a hole, through which water had entered and damaged plaintiff's merchandise.

In this action, defendants Yangming, Solar and Conrail moved for summary judgment. In the first order appealed from, entered April 15, 1985, the court granted the motions of Solar and Yangming and denied Conrail's motion. The court's memorandum stated: "Here the plaintiff has failed to refute defendants Yangming and Solar's assertion that the shipment container was not damaged while in its care." With respect to Conrail, the court stated: "Defendant Conrail has not presented admissible evidence to support its contention that the damage was caused by a fungus on the tote bags called Memnomelia echinat[e], nor that it had to be present before the shipment left Taipei. Further, this moving party has failed to demonstrate that water seepage causing the fungus could not have occurred along the rail route of the shipment."

Plaintiff subsequently moved for renewal and/or reargument, as did Conrail. In addition, Maher moved for summary judgment. By order entered on or about December 24, 1985, the court (1) denied Conrail's motion on the ground that Conrail had not shown that the court had made any error of

law or had overlooked any relevant facts; (2) denied plaintiff's motion on the ground that no new information was presented; and (3) denied Maher's motion stating: "there is a dispute between counsel concerning the possibility of whether a dent in the container that was noted on an inspection when the container was surrendered by Maher to the next carrier could have actually been a hole of sufficient size to admit rainwater. The papers are insufficient on the point to clearly establish an answer to that question. The plaintiff has shown that it is an issue that must be resolved at trial."

On plaintiff's appeal, the only issue is whether triable issues of fact exist with respect to plaintiff's claims against Yangming, Solar and Conrail. To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Summary judgment should not be granted where there is any doubt as to the existence of triable issues or where the issue is arguable. Issue finding, rather than issue determination, is the function of the procedure (*Rotuba Extruders v Ceppos,* 46 NY2d 223).

The documentary and other evidence is clear that the tote bags were in good condition at the time of their delivery in cardboard boxes to Yangming. The only documentary evidence as to the condition of the container and its contents during shipment are trailer interchange receipts (TIRs) filled out by each carrier, beginning with Selective Trucking. The TIR covering the transfer of the goods from Maher to Selective indicates that there were dents and scratches on the outside of the container. Specifically noted is a dent on the left side of the container near the top of the side section. The receipt was certified by a Customs inspector. There was no indication on the TIR that there was a hole in the container, nor was there any such notation on the TIRs covering the transfers from Selective to Conrail or from Conrail to Cushing 54.

However, the TIR covering the transfer from Cushing 54 to the Milwaukee Railroad notes that the roof appears patched, that the left side rail on the top of the container is bent and the sheet metal at that spot is bent away from the rail. The written report of a marine surveyor who inspected the container shortly after its arrival in Minnesota noted a hole in the roof with a diameter of about one fourth of an inch between the numbers 11 and 12 rails on the right side, and a hole on the left side of the roof between the sixth and eighth rails from the back of the container. Also noted was the fact that the metal from the first and fifth rails from the back of

the roof on the right side was torn and "opened up". Examination of the top of the container revealed that a tar coating had been applied to the left and right sides of the roof, but this did not cover the entire damage. The report also noted that there were fractures and cracks in the tar "which would not prevent leakage." The inside of the container was soaked and emitted a musty odor.

As the court noted in its December 24, 1985 order, questions of fact are evident as to whether there was a hole in the container of sufficient size to allow enough water to enter and cause the damage, and when such hole was made. Thus there is a question as to whether the damage to the container occurred or was initiated while it was in the possession of Yangming and Solar. The bill of lading covering the merchandise upon delivery to Yangming contains no exceptions regarding the condition of the merchandise. There is no evidence which describes the condition of the merchandise on the date it was off-loaded from Yangming's vessel. Thus, there is plainly a question as to when the damage occurred or whether it was cumulative. There are also questions as to the relationship among the defendants who handled the merchandise and the container.

Triable issues are presented. The court erred in granting summary judgment in favor of Yangming and Solar. Accordingly, we have directed that the order entered on or about December 24, 1985 be granted to the extent of granting renewal, and upon renewal the motion for summary judgment made by Yangming and Solar should be denied, and the order otherwise affirmed, with costs.

Since it now appears that Conrail served a notice of appeal from the denial of its motion for summary judgment, the motion to strike its brief submitted in response to the brief of plaintiff-appellant is denied, without costs. Concur—Fein, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.