■ KENNETH WOLFE, Appellant, v DANIEL WOLFE et al., Respondents.—In an action, *inter alia,* to recover damages in the form of 50% of the shares of the defendant Amity Vacuum, Inc., for breach of an oral employment contract, and for dissolution of the corporation, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Orgera, J.), dated January 15, 1986, which denied his motion to strike the answer of the defendants Sally Wolfe and Amity Vacuum, Inc., and granted the defendants' cross motion for partial summary judgment dismissing his third cause of action.

Ordered that the judgment is modified, on the law, by (1) deleting the words "Daniel Wolfe" and "is denied" from the first decretal paragraph thereof, (2) adding to the first decretal paragraph after the words "Sally Wolfe" the words "is granted, unless the defendant Sally Wolfe appears for an examination before trial"; and (3) deleting the second decretal paragraph thereof and substituting therefor a decretal paragraph denying the defendants' cross motion for partial summary judgment dismissing the plaintiff's third cause of action; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the defendant Sally Wolfe shall comply with the condition set forth in the judgment dated January 15, 1986, as modified by this decision and order, within 30 days after service upon her of a copy of this decision and order, with notice of entry, together with a notice fixing a time not less than 10 days thereafter and a place for the examination before trial; and in the event the condition is not complied with, the plaintiff's motion to strike the answer of the defendants Sally Wolfe and Amity Vacuum, Inc., is granted, with one bill of costs payable jointly to the plaintiff by said defendants.

With respect to the plaintiff's motion to strike the answer of

the defendants Sally Wolfe and Amity Vacuum, Inc., we find that the motion should have been granted unless the defendant Sally Wolfe submitted to an examination before trial. This examination had been previously ordered by the court; however, Sally Wolfe had apparently refused to agree to a mutually convenient date for the examination.

Further, a review of the plaintiff's affidavits and annexed exhibits indicates that there are triable issues of fact with respect to the third cause of action. In that cause of action, the plaintiff alleged, in pertinent part, that the parties entered into an oral agreement which provided, in effect, that the "defendants" would "transfer" 50% of the stock of the defendant Amity Vacuum, Inc., to the plaintiff as consideration for her services. At the time of the agreement, the plaintiff believed that his brother, the defendant Daniel Wolfe, owned 100% of the outstanding shares of the corporation. In support of this alleged oral agreement, the plaintiff submitted an affidavit, dated January 28, 1980, signed by his brother and filed with the State Liquor Authority in connection with an application for a liquor license, which purportedly states that the brothers each held 50% of the corporate stock. Subsequently, the plaintiff learned that the corporate records indicated that his brother and his sister-in-law, the defendant Sally Wolfe, each owned 50% of the outstanding shares and failed to indicate his alleged ownership interest of 50%.

While the defendants dispute the plaintiff's allegations, the plaintiff's papers raise numerous triable questions of fact, including but not limited to whether the parties entered into an oral agreement; the terms of the agreement, including whether there were sufficient written memoranda of the alleged oral agreement; whether the plaintiff's alleged performance was unequivocally referable to the alleged oral agreement; and whether certain provisions of the Business Corporation Law were applicable or whether compliance with those provisions could be excused under the circumstances herein (see, Gross v Vogel, 81 AD2d 576, 577; Palmerton v Envirogas, Inc., 80 AD2d 996; Leslie, Semple & Garrison v Gavit & Co., 81 AD2d 950, 951).

Accordingly, the defendants' cross motion for partial summary judgment dismissing the third cause of action should have been denied. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.