■ PORTEC, INC., Respondent, v GULF OIL CORPORATION et al., Defendants, and MARSHALL SERVICE, INC., Appellant.—Yesawich, Jr., J.

Plaintiff purchased 17,000 gallons of quench oil from defendant Goodrich Petroleum Corporation to use in its manufacturing process. The oil was acquired from defendant Gulf Oil Corporation. Quench oil cools the refired steel bars which plaintiff fabricates for the railroad industry. Defendant Marshall Service, Inc. (hereinafter defendant) transported the oil to plaintiff's plant on December 21, 1984 during plaintiff's annual two-week shutdown. When operations at the plant were resumed, a flash fire started in the quench tank. This fire extinguished itself, and immediately thereafter plaintiff's maintenance manager took a sample of oil from the tank. Later that day a second quench tank fire occurred which allegedly caused substantial property damage to plaintiff's plant. Subsequent analysis of the oil sample disclosed that it contained gasoline.

Claiming that the oil was contaminated prior to delivery, plaintiff commenced this action. Defendant, contending that it was factually impossible for it to have contaminated the oil, moved for summary judgment. Supreme Court denied the motion; this appeal ensued. We affirm.

In support of its motion, defendant submitted deposition testimony from its employees establishing that it was the exclusive owner and operator of the trucks which delivered the oil, that it never hauled gasoline in these particular trucks and that these trucks were not equipped to transport gasoline. This testimony was adequate to support defendant's contention that it did not contaminate the oil.

In determining whether plaintiff then proved the existence of a triable fact issue requiring a trial *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *see also,* CPLR 3212 [b]), it should be noted that because defendant is a common carrier, plaintiff need not establish how the oil was

contaminated; circumstantial evidence alone may create an inference that defendant was negligent *(see, Jersey Cent. Power & Light Co. v Westinghouse Elec. Corp.,* 38 AD2d 283, 285). Plaintiff need only show that the oil was transferred to defendant in an uncontaminated state and contaminated when delivered to plaintiff *(see, supra).*

Plaintiff's papers submitted in opposition to the motion indicate that plaintiff's quench oil tank had been cleaned shortly before defendant delivered the oil, that after delivery the plant was closed for 12 days, during which time the plant was under a 24-hour security watch, and that plaintiff stores no gasoline at its premises. Further, an employee from Gulf Oil Corporation testified at an examination before trial that a test of the oil conducted immediately prior to the filling of defendant's trucks demonstrated that the oil was free of contamination at that point. These circumstances, coupled with the absence of evidence regarding the condition of the oil when it left defendant's custody, preclude the granting of summary judgment *(see, Wright Sales v Yangming Mar. Transp. Corp.,* 124 AD2d 509, 512).

The fact that defendant's truck drivers described the condition of plaintiff's quench tank when the oil was delivered as being "very dirty" and "cruddy" raises a credibility issue which is not susceptible of resolution on a motion for summary judgment *(see, Hourigan v McGarry,* 106 AD2d 845, *appeal dismissed* 65 NY2d 637; *see also, Bisbing v Sterling Precision Corp.,* 34 AD2d 427, 428).

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.