■ IBT INDUSTRIES, LTD., Appellant, v PHILIP SCHIAVO, Respondent.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Joy, J.), dated March 7, 1989, as granted the defendant's cross motion for summary judgment and dismissed the plaintiff's first, second, third, fourth and fifth causes of action. The notice of appeal from the order dated February 27, 1989, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's argument, the letter from the vice-president and corporate manager of Barclays Bank of New York, taken together with the personal affidavit of the defendant Schiavo, properly demonstrated that the defendant had satisfied his contractually mandated obligation to use "reasonable good faith efforts to secure the voluntary release of the property from the mortgage held by Barclays Bank" *(see, Zuckerman v City of New York,* 49 NY2d 557; *Tendler v Lazar,* 141 AD2d 717). The plaintiff's failure to respond with anything but conclusory and speculative allegations warranted the granting of summary judgment in favor of the defendant *(Kennerly v Campbell Chain Co.,* 133 AD2d 669; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627; *Babcock v Allan,* 115 AD2d 297). We have examined the plaintiff's remaining arguments and find them to be without merit. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.