■ BARBARA LUCAS, Respondent, v LONG ISLAND PHYSICIANS ASSOCIATES, P. C., et al., Defendants, and MAURICE SIMON, Appellant. — In a medical malpractice action, defendant Simon appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated November 1, 1983, which denied his motion for summary judgment. ¶ Order reversed, on the law, with costs, and defendant Simon's motion for summary judgment dismissing the complaint against him granted. ¶ The instant malpractice action was commenced against defendant Simon, a surgeon, and several others, to recover damages for personal injuries resulting from surgical procedures of a gynecological nature performed on plaintiff on February 22, 1979. Both the complaint and the bill of particulars alleged that in addition to the improper and negligently performed surgery, defendant Simon was guilty of negligently and improperly positioning plaintiff's left arm for the purposes of receiving intravenous

anesthesia, which caused postoperative injury to plaintiff's left arm and shoulder. In addition, plaintiff alleged in her bill of particulars that she would rely on the doctrine of *res ipsa loquitur*. ¶ Prior to trial, plaintiff's counsel agreed to withdraw all allegations against defendant Simon with respect to the surgical procedures. Counsel agreed that what remained in the case against defendant Simon were the allegations of "negligently performed procedures * * * as they relate or were the cause of injuries to [plaintiff's] left arm and shoulder". ¶ In support of his motion for summary judgment, defendant Simon submitted his own affidavit indicating that he did not participate in any manner in the administration of the anesthesia, or in the placement of plaintiff's arm for that purpose. This affidavit was corroborated by examinations before trial of defendants Laskin and Gunderia (the attending anesthesiologist and the resident anesthesiologist, respectively) which indicated that (1) they were responsible for the positioning of plaintiff's arm during the surgery, and (2) defendant Simon played no part in that process. In opposition to this evidentiary proof submitted in support of defendant Simon's motion for summary judgment, plaintiff submitted an affidavit from her attorney alleging, *inter alia,* that the instant case presented a "classic textbook case of the doctrine of *res ipsa loguitor* [sic]". ¶ It has been consistently held that an attorney's affirmation does not constitute "evidentiary proof in admissible form" which must be submitted to defeat a motion for summary judgment (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *Israelson v Rubin,* 20 AD2d 668, affd 14 NY2d 887). Accordingly, plaintiff failed to demonstrate that an issue of fact existed as to defendant Simon's liability and defendant Simon's motion for summary judgment as to him should have therefore been granted. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.