■ MARION T. DECKER, as Executrix of EVA DECKER, Deceased, Appellant, v COUNTY OF ALBANY et al., Defendants, and TED HOYER AND COMPANY, Respondent.—Levine, J. Appeal from an order of the Supreme Court at Special Term

(Hughes, J.), entered August 13, 1985 in Albany County, which granted defendant Ted Hoyer and Company's motion for summary judgment dismissing the complaint against it.

Plaintiff's decedent allegedly sustained injuries as the result of a fall which occurred when she was transferred from a wheelchair to her bed by two employees (Nurses Thresiamma Joseph and Beverly Cain) of defendant Albany County Nursing Home. Plaintiff brought a suit for personal injuries and wrongful death and joined Ted Hoyer and Company (Hoyer) as a party defendant, alleging that a defective Hoyer lift was used by Joseph and Cain to assist them in transferring decedent to her bed. Hoyer, claiming that a lift manufactured by Invacare Corporation and not by it was used, brought on the instant motion for summary judgment. Special Term granted Hoyer's motion, holding that plaintiff failed to submit proof to establish that Hoyer was the manufacturer of the lift used. This appeal by plaintiff ensued.

We affirm. It is undisputed that an Invacare lift and a Hoyer lift were present on decedent's floor on the night of the accident. In support of its contention that the Invacare lift was involved in the accident, Hoyer submitted the depositions of Hoyer plant manager Ron Firebaugh and Joseph. Joseph thoroughly described the lift she and Cain used when they transferred decedent from her wheelchair to the bed. Firebaugh's deposition specified the differences between Hoyer and Invacare lifts and identified the lift described by Joseph as one manufactured by Invacare. This proof presented a prima facie defense sufficient to support Hoyer's application for summary judgment (see, Smith v Johnson Prods. Co., 95 AD2d 675, 676).

To defeat Hoyer's motion, plaintiff had the burden to demonstrate, by evidence in admissible form, the existence of a genuine triable issue of fact concerning which lift was used (see, Zuckerman v City of New York, 49 NY2d 557, 560; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). Plaintiff failed to meet that burden. The EBT depositions of James Maloney, who testified on behalf of Hoyer, and Maureen Shannon, the nursing home services administrator, were submitted by plaintiff in opposition to Hoyer's motion. However, Maloney's statement, to the effect that he identified the lift picked up by maintenance after the accident as a Hoyer, was not probative on the issue of which lift was actually used to move decedent. As shown by the maintenance slip issued after the accident, the lift was not retrieved until the morning following the accident. Furthermore, Shannon was not present when the accident occurred. Her testimony that the lift which

was used was secured after the accident was based upon information and belief and consisted of hearsay. Thus, it was not evidentiary proof in admissible form *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692; *Comstock & Co. v Duffy,* 43 AD2d 704). Accordingly, since plaintiff has not produced evidence in admissible form nor demonstrated an acceptable excuse for the failure to do so, the order granting summary judgment to Hoyer must be affirmed *(see, Zuckerman v City of New York, supra,* p 560).

Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.