◼ LEON CLOTT et al., Respondents, v KINGS HIGHWAY COMMUNITY HOSPITAL, Appellant. (And a Third-Party Title.)—In a medical malpractice action, the defendant appeals (1) from an order of the Supreme Court, Kings County (Mirabile, J.), dated June 19, 1984, which denied its motion for summary judgment, without prejudice to renew the same after examinations before trial were held; and (2) as limited by its brief, from so much of an order of the same court, dated December 14, 1984, as, upon granting reargument on rehearing of its prior motion, adhered to the original determination.

Appeal from the order dated June 19, 1984 dismissed. That order was superseded by the order dated December 14, 1984, made upon reargument.

Order dated December 14, 1984 reversed insofar as appealed

from, on the law, order dated June 19, 1984 vacated, motion granted, and complaint dismissed.

The appellant is awarded one bill of costs.

A moving party on a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851). At bar, the appellant established, through the testimony adduced at the examinations before trial of all of the parties, that the plaintiff, Leon Clott, was at all times the private patient of Dr. Maxwell Felton, and that he alone controlled Mr. Clott's treatment preoperatively, during surgery, and postoperatively. Therefore, the plaintiffs, in opposition to the appellant's motion, were obligated to present evidentiary proof in admissible form sufficient to establish a causal link between his injuries and the acts or omissions of the appellant (see, *Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Lucas v Long Is. Physicians Assoc.,* 103 AD2d 841).

Despite the passage of over eight years since Leon Clott's operation the plaintiffs failed to come forward with any expert medical proof which would tend to establish medical malpractice on the part of the appellant or its agents (see, *Lucas v Long Is. Physicians Assoc., supra*). Accordingly, the plaintiffs failed to demonstrate the existence of an issue of fact relating to the appellant's liability, and its motion for summary judgment dismissing the plaintiffs' action should have been granted. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.