■ ROSEMARIE MEGGINSON, Appellant, v ALAN ROSE et al., Defendants, and MELVIN BOSKIN et al., Respondents.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christ, J.), dated March 7, 1985, which granted the motion of the defendants Melvin Boskin, Norman Cohen and Murray Robin and the cross

motion of the defendants Robert Irwin Tugendhaft and Stanley L. Green for summary judgment dismissing her complaint as against them.

Order affirmed, with one bill of costs.

The moving and cross-moving defendant doctors each submitted personal affidavits in which they unequivocally denied their participation in any treatment or examination of the decedent during the time of the alleged malpractice. In addition, the medical records and deposition testimony of the codefendant, Dr. Alan Rose, support their contention. Thus, these defendants satisfied their burden of establishing by evidentiary proof their entitlement to summary judgment in their favor (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851; Lucas v Long Is. Physicians Assoc., 103 AD2d 841; Lewis v Mensher, 77 AD2d 562). The plaintiff failed to rebut this showing by any proof in admissible form which would raise a question of fact as to the movants' and cross movants' participation in the decedent's treatment. Her papers in opposition were inconclusive and speculative. Moreover, the lack of any factual basis to rebut the movants' and cross movants' denials of any participation in the decedent's treatment appeared to be due in part to the plaintiff's own failure to conduct depositions of those physicians to establish their identities as treating physicians. No reason is proffered as to why the plaintiff chose to depose only Dr. Rose. A party may not claim ignorance of critical facts necessary to defeat a motion for summary judgment where that ignorance was avoidable (see, CPLR 3212 [f]; Kenworthy v Town of Oyster Bay, 116 AD2d 628). Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.