*706 OPINION OF THE COURT
Nicholas A. Clemente, J.
Plaintiff, Susan Rodriguez, commenced this action by summons and verified complaint dated November 24, 1982, alleging that the medical treatment rendered her deceased husband, Jose Rodriguez, was negligent. The ninth paragraph of the complaint states that: "Prior to his death, the decedent did consult with the defendant, Vincent Arolay, for the purpose of receiving treatment, care and diagnosis of a condition then afflicting him”.
Dr. Vincent Arolay now moves for the complaint to be dismissed and summary judgment to be entered in his favor, essentially contending that he never treated the deceased and that there never existed any relationship of doctor and patient between them.
In support of his position, the moving defendant relies upon a deposition of Susan Rodriguez, a notice to admit to which plaintiff has not responded and his own affidavit setting forth his view of the occurrence.
The doctor’s affidavit states: "I was ascending the stairs to my apartment at one o’clock in the morning when I was stopped by Susan Rodriguez, the plaintiff herein, and asked 'to look in’ at her ailing husband, Jose Rodriguez, who was the superintendent of the building. When I saw him Jose Rodriguez looked very sick and moribund. I took his pulse and told his wife, Susan, that her husband was a very sick man, that I could not help him in any way, and that he needed immediate hospitalization. I telephoned the police at 911, asked for any ambulance, and left. That was the total of my involvement in the diagnosis and treatment of the deceased. I refused to take the case because I felt that I personally could not help him in anyway. It was my opinion, fortified by 55 years of experience as a general medical practitioner, that his sole, slim chance for survival lay in immediate hospitalization.”
Additionally, Dr. Arolay points to the examination before trial of Susan Rodriguez wherein she testified that "I saw him in the building and I asked him if he would come in”. She also testified that all this doctor did was take Jose’s pulse and heart rate and that he then called for an ambulance.
As for the notice to admit to which plaintiff never responded (and to which defendant New York City Health & Hospitals Corporation advised that it had no information) it requested admissions that defendant Vincent Arolay had *707 never examined the deceased, had never made any diagnosis as to his physical or mental condition and had never treated the deceased.
In opposition to the motion, both plaintiff and codefendant, New York City Health & Hospitals Corporation, contend that it should be denied on the grounds that the notice to admit is defective in that it concerns matters which constitute the very dispute of the lawsuit and are areas of genuine disagreement.
If the efficacy of the notice to admit were the sole issue herein, then as conceded by movant the motion should be defeated. Suffice it to say that "a notice to admit may not be utilized to request admission of material issues or ultimate or conclusory facts” (Taylor v Blair, 116 AD2d 204, 206 [Apr. 3, 1986]).
The other aspects of the motion, however, mandate that summary judgment be granted. The scenario presented by Vincent Arolay is that while entering the building in which he lives, the wife of the superintendent of the building approached him to come to the aid of her husband, who was in distress. Dr. Arolay took his pulse and heart rate and called the police in order to have an ambulance come and take the person to the hospital.
Significantly, this version of the events presented by Dr. Arolay not only remains uncontroverted but is essentially corroborated by the examination before trial of the plaintiff, Susan Rodriguez.
In addition, the fact that Dr. Arolay treated the decedent in an apparent emergency situation brings this action within the Good Samaritan Law. Public Health Law § 3000-a provides: "[A]ny person who voluntarily and without expectation of monetary compensation renders first aid or emergency treatment at the scene of an accident or other emergency outside a hospital, doctor’s office or any other place having proper and necessary medical equipment, to a person who is unconscious, ill, or injured, shall not be liable for damages for injuries alleged to have been sustained by such person or for damages for the death of such person alleged to have occurred by reason of an act or omission in the rendering of such emergency treatment unless it is established that such injuries were or such death was caused by gross negligence on the part of such person.”
Thus, under the foregoing provision, there is no legal basis to impose liability upon Dr. Arolay unless there has been *708 gross negligence. A study of the papers submitted in opposition to this motion shows that not only do they never set forth any allegations of specific acts of negligence, but that the complaint never even mentions allegations of gross negligence by Dr. Arolay.
What emerges is that the parties opposing the motion have failed to come forward with any evidentiary facts showing malpractice by Dr. Arolay (Megginson v Rose, 121 AD2d 608). Furthermore, even if they had, such facts would still be insufficient to defeat the motion because of their failure to demonstrate or even allege any gross negligence (Public Health Law § 3000-a). Accordingly, there being no triable issues of fact, and there being no showing that Dr. Arolay acted in any but a proper manner, the motion for summary judgment is granted.
A physician who does no more than arrange, under emergency conditions, for a neighbor to be taken to a hospital, should not become and remain a defendant in a lawsuit.