■ WILLMORE KENNERLY, Appellant, v CAMPBELL CHAIN COMPANY, CAMPBELL CHAIN DIVISION McGRAW-EDISON COMPANY, Respondent, et al., Defendant. (And a Third-Party Action.)—In an action to recover damages for personal injuries sounding in negligence and breach of implied warranty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Martin, J.),

entered January 28, 1986, as, upon renewal, granted the respondent's motion for summary judgment dismissing the remaining cause of action in the complaint based upon breach of implied warranty.

Ordered that the order is affirmed insofar as appealed from, with costs.

On its motion for summary judgment dismissing the complaint, the respondent, Campbell Chain Company, Campbell Chain Division McGraw-Edison Company (hereinafter Campbell Chain), met its burden of submitting admissible proof in evidentiary form that it did not sell any automobile "tie-down chains" to the plaintiff's employer within the applicable statutory period of limitation (see, e.g., Weinberg v Johns-Manville Prods. Corp., 67 AD2d 640). No proof was adduced that the allegedly defective "tie-down chain" which caused the plaintiff's injuries was manufactured by Campbell Chain. It was incumbent upon the plaintiff to come forward and present evidence, in evidentiary form, sufficient to create a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562). The hearsay letter from a manager of the plaintiff's employer does not suffice to meet this requirement (see, Decker v County of Albany, 117 AD2d 966, 967-968), and in our view, the deficiency in the plaintiff's papers may not be cured by a contention that the facts are within the exclusive knowledge of the movant (cf., Koen v Carl Co., 70 AD2d 695). We reject the plaintiff's contention that summary judgment should have been denied until he had an opportunity to conduct court-ordered depositions. Mere hope that somehow the plaintiffs will uncover evidence that will prove their case, provides no basis, pursuant to CPLR 3212 (f), for postponing a decision on a summary judgment motion (see, Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, affd 67 NY2d 627; Babcock v Allan, 115 AD2d 297). To have denied the defendant's motion for summary judgment pending completion of discovery, under the circumstances of this case, would result in impermissibly sanctioning fishing expeditions premised upon surmise, conjecture and speculation. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.