■ LILLIAN WERT, Respondent, v LENOX HILL HOSPITAL, Appellant, et al., Defendant.—In an action to recover damages for medical malpractice, the defendant Lenox Hill Hospital appeals from an order of the Supreme Court, Kings County (Monteleone, J.), entered December 9, 1987, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed as against the defendant Lenox Hill Hospital.

In this action to recover damages for medical malpractice, the plaintiff charged that she suffered mental anguish as a result of an erroneous pathology report prepared by a member

of the appellant's staff indicating that she had cancer. The appellant moved for summary judgment and in support thereof submitted an affidavit and deposition testimony of the staff pathologist, indicating the procedures he followed and stating that he had not deviated from good and accepted medical practices. The Supreme Court denied the motion on the ground that the affidavit of the pathologist was conclusory. We disagree. Such an affidavit is sufficient to show entitlement to summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320). A conclusory affidavit, in this context, is one which is unrelated to the medical facts in issue (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851). The pathologist's affidavit at bar presented facts and was not merely conclusory. The effect was to place a burden on the plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial (see, Alvarez v Prospect Hosp., supra, at 324-325; Winegrad v New York Univ. Med. Center, supra; Fileccia v Massapequa Gen. Hosp., 63 NY2d 639). The plaintiff in failing to produce a medical opinion showing a deviation by the appellant from accepted medical practices, did not meet the standard of evidence required to rebut a motion for summary judgment by demonstrating a material issue of fact. The Supreme Court, therefore, erred in denying the appellant's motion. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.