■ AMERICAN PRESCRIPTION PLAN, INC., Respondent-Appellant, v AMERICAN POSTAL WORKERS UNION AFL-CIO HEALTH PLAN et al., Appellants-Respondents, et al., Defendants.—In an action, *inter alia,* to enjoin the defendant American Postal Workers Union, AFL-CIO Health Plan from terminating its contract with the plaintiff, that defendant appeals from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered August 10, 1989, as denied that branch of its motion which was for summary judgment dismissing the fourth, fifth and fourteenth causes of action asserted in the complaint, the defendant Administrative Consultants, Inc. appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the tenth and eleventh causes of action, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as dismissed, in part, the first, third and sixth causes of action.

Ordered that the order is reversed insofar as appealed from by the appellants-respondents, on the law, the appellants-respondents' motions for summary judgment are granted in their entirety, and all causes of action asserted against the appellants-respondents are dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by the respondent-appellant; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents appearing separately and filing separate briefs.

The plaintiff's first cause of action seeks to enjoin the defendant American Postal Workers Union AFL-CIO Health Plan (hereinafter APWU-HP) from terminating its contractual relationship with the plaintiff "on or by December 31, 1986" on the ground that certain oral representations had been made that the parties' written contract would be extended through the year 1987. However, the 1987 contract has already been fully performed by the defendant Medi-Rx, and, therefore, the plaintiff's request for an injunction has been mooted (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707). The first cause of action should, therefore, be dismissed.

The plaintiff's third, fourth, fifth and sixth causes of action, taken together, allege in part that APWU-HP orally promised to renew its contract with the plaintiff for the year 1987, that the plaintiff detrimentally relied on those representations and that APWU-HP breached its agreement to renew. We find that the trial court erred in ruling that a material issue of fact existed as to whether the plaintiff engaged in partial performance so as to remove the alleged oral agreement from the bar of the Statute of Frauds. We note that the plaintiff's claims more appropriately involve the doctrine of equitable estoppel rather than that of partial performance as the items of reliance cited by the plaintiff were merely preparatory at best, and, indeed, all took place prior to 1987. Nevertheless, "[c]omparable to the requirement that partial performance be unequivocally referable to the oral modification, so, too, conduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written" (Rose v Spa Realty Assocs., 42 NY2d 338, 344). Here, we find that, taking the plaintiff's allegations as true, all of the purported items of reliance are either directly referable or naturally compatible with its performance under prior written agreements with APWU-HP. These causes of action to the extent that they allege a breach of an oral agreement to contract for the year 1987 should be dismissed.

The plaintiff's tenth cause of action alleges that the defendant Administrative Consultants, Inc. (hereinafter ACI) breached its contract with the plaintiff. In denying that branch of ACI's motion which was for summary judgment dismissing the tenth cause of action, the trial court found that a material issue of fact existed as to whether James Mongiardo, president of the plaintiff's parent corporation, had authority to bind the plaintiff to a superseding revision of the original contract, upon which this cause of action is based. We disagree with this finding. It was readily acknowledged by the plaintiff's officers, including the chairman of the board, that Mongiardo was in charge of operations at the time the new agreement was negotiated. Furthermore, the plaintiff did not contest Mongiardo's authority in its proofs in opposition to the present motion or on appeal. In fact the plaintiff did not contest the validity of the revised agreement, but argued only that it was not its intention to release ACI from liability for breach of their original agreement. However, where, as here, the contractual language is unambiguous and the parties have not proffered extrinsic evidence of intention, the question of whether a substituted agreement discharges liability for breach of a prior agreement is a question of law for the court *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). We find that the tenth cause of action should be dismissed *(see, Northville Indus. Corp. v Fort Neck Oil Terms. Corp.,* 100 AD2d 865, *affd* 64 NY2d 930).

The eleventh cause of action alleges interference with contractual relations by ACI. The trial court declined to dismiss this cause of action on the ground that facts and documents necessary to the plaintiff's case may be in the exclusive possession of ACI, and that, therefore, the plaintiff should be allowed further discovery pursuant to CPLR 3212 (f). However, to avail itself of CPLR 3212 (f), the plaintiff must allege the existence of proof in admissible form which presents a triable issue of fact or an acceptable excuse for the absence of firsthand knowledge *(see,* CPLR 3212 [f]; *Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023). In the present case, the plaintiff's proof amounts to no more than surmise and suspicion that ACI was acting adversely to its interests. "Mere hope that somehow the [plaintiff] will uncover evidence that will prove [its] case, provides no basis, pursuant to CPLR 3212 (f), for postponing a decision on a summary judgment motion" *(Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670). Thus, this cause of action should also be dismissed.

Finally, with respect to the fourteenth cause of action,

insofar as it alleges that APWU-HP interfered with the plaintiff's "right and ability to do business", the plaintiff has failed to demonstrate that any recognizable duty has been breached or vested interest harmed. Brown, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.