■ BERNADETTE FRITZ, Individually and as Administratrix of the Estate of FREDERICK S. FRITZ, Deceased, Appellant-Respondent, v SOUTHSIDE HOSPITAL et al., Respondents-Appellants, and WALTER J. CLARKSON, M.D., Respondent.—In an action to recover damages for personal injuries and wrongful death arising from medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered May 14, 1990, as (1) granted that branch of the motion of the defendant Southside Hospital which was for partial summary judgment dismissing the personal injury cause of action insofar as asserted against it, and (2) granted that branch of the cross motion of the remaining defendants which was for partial summary judgment dismissing the personal injury causes of action insofar as asserted against them, and the defendants, with the exception of Walter J. Clarkson, cross-appeal from so much of the same order as denied the remaining branches of their motion and cross motion which were for summary judgment dismissing the wrongful death causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the motion of the defendant Southside Hospital and the cross motion of the defendants Paul Braunstein, Richard Hill and James Mulholland which were for summary judgment dismissing the wrongful death causes of action asserted against them and substituting therefore a provision granting those branches of the motion and cross motion and severing the action against the remaining defendant Walter J. Clarkson; as so modified the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs,

and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment in favor of the defendants Southside Hospital, Paul Braunstein, Richard Hill, and James Mulholland, and against the plaintiff dismissing the complaint insofar as it is asserted against those defendants.

In this medical malpractice action the plaintiff alleges that the defendants committed medical malpractice when they treated her son for cancer in October and November of 1975. At the time of such treatment, the plaintiff's son was 7-years-old. He died on February 19, 1985, when he was 16-years-old.

The gravamen of the plaintiff's claim is that the defendants improperly failed to administer the appropriate regimen of chemotherapy when the cancer was discovered in 1975. Such regimen was eventually commenced in 1980 when the decedent was being treated by another doctor.

The plaintiff was appointed administratrix of her son's estate on March 10, 1986. The instant action, alleging causes of action to recover damages for personal injuries and wrongful death against each of the five defendants, was commenced by service of copies of a summons and complaint upon the respective defendants between November 1986 and January 1987.

After issue was joined, the defendants moved for summary judgment on various grounds. The Supreme Court, Suffolk County, granted the motions, in part, and dismissed the causes of action to recover damages for personal injuries on the ground that they were barred by the Statute of Limitations. This was proper. By virtue of CPLR 208, the Statute of Limitations for a possible medical malpractice claim to recover damages for personal injuries had not expired at the time of the death of the plaintiff's son. Under the facts of this case, the plaintiff had one year from the decedent's death to commence such an action (CPLR 210 [a]; *see, Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630). Her failure to do so makes the personal injury causes of action untimely.

In addition to relying upon the Statute of Limitations as barring the personal injury causes of action, the defendant Southside Hospital and the defendants Dr. Richard Hill, Dr. James Mulholland and Dr. Paul Braunstein moved for summary judgment dismissing the wrongful death causes of action asserted against them. Dr. Mulholland and Dr. Hill were the two pediatricians who treated the decedent for two months in 1975 prior to his admission to Southside Hospital. Once admit-

ted to Southside Hospital in October 1975, a barium enema revealed that the deceased had a "large polypoid filling defect in the cecum representing an intussuscepting tumor of the terminal ileum". This was biopsied and diagnosed as "malignant lymphoma". On November 3, 1975, a right colectomy was performed and the tumor was removed by Dr. Braunstein. The decedent was discharged from Southside Hospital on November 11, 1975. Immediately after the surgery, the decedent was referred to the fourth physician, a defendant in this case, Dr. Walter J. Clarkson, who continued to treat the decedent until January 1980.

In support of their applications for summary judgment, the defendants Hill and Mulholland submitted an expert's affidavit which, while relating to the specific facts at issue in the case, denied that these defendants had departed from good and accepted medical practice and established, prima facie, the defendants' entitlement to summary judgment *(see, Wert v Lenox Hill Hosp.,* 151 AD2d 474; *Kane v City of New York,* 137 AD2d 658, 660; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

In response to the affidavit of the defendants' expert, the plaintiff relied on the affidavit by her expert, Dr. Paul Harlow, who had treated the decedent from 1980 up until the time of his death. Dr. Harlow's affidavit indicated that a chemotherapy "LSA2-L2 protocol" should have been instituted by the defendants in 1975. It was, in fact, instituted by Dr. Harlow in 1980. Dr. Harlow indicated that this delay was a departure from good and accepted medical practice. However, his affidavit attributed the decedent's death "to overwhelming Epstein-Barr Virus" and opined that the virus "most probably [could] be explained as due to his intense chemotherapy over an eighteen month period [commencing in 1980] rendering him immunologically incompetent to fight off this final infection". Nowhere in his affidavit does the expert attribute the decedent's death to the delay in the onset of chemotherapy treatment or to any of the other several departures from good and accepted medical practice that the expert ascribes to the defendants. Since the affidavit was silent on the essential issue of proximate cause, it failed to rebut the prima facie showing the defendants made in support of their application for summary judgment *(see, Amsler v Verrilli,* 119 AD2d 786, 787; *see also, Brocco v Westchester Radiological Assocs.,* 175 AD2d 903; *Treinis v Deepdale Gen. Hosp.,* 173 AD2d 605, 607-608). Accordingly, the Supreme Court erred in failing to grant that application in its entirety.

The plaintiff, in opposition to the prima facie showings made in the separate motions of the defendants Southside Hospital and Dr. Braunstein for summary judgment dismissing the wrongful death causes of action, similarly relied on Dr. Harlow's affidavit. As noted, Dr. Harlow's affidavit is silent on the issue of proximate cause. Accordingly, for the reason set forth above, those motions also should have been granted by the Supreme Court (see also, Clott v Kings Highway Community Hosp., 120 AD2d 634, 635). Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.