■ Shirley Morgan, Plaintiff, v New York Telephone, Defendant and Third-Party Plaintiff-Respondent, and AT&T, Defendant and Second Third-Party Plaintiff-Respondent. City of New York, Third-Party Defendant-Respondent and Second Third-Party Defendant-Respondent; et al., Second Third-Party Defendant-Respondent; Nepon Electric Corporation of America, Inc., Second Third-Party Defendant-Appellant. [633 NYS2d 319] —In an action to recover damages for personal injuries, the second third-party defendant Nepon Electric Corporation of America, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated February 7, 1994, as denied its motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff and the City of New York, the motion for summary judgment is granted, and the second third-party complaint and all cross claims are dismissed insofar as asserted against the appellant.

The plaintiff alleges that she was injured when she tripped over telephone wires that were negligently installed by the defendants at her work place. A telephone system at that location had been manufactured by the second third-party defen-

dant Nepon Electric Corporation of America (hereinafter NEC) and sold to the City of New York (hereinafter the City) pursuant to a distribution agreement with Tel Plus Communications, Inc. (hereinafter Tel Plus). Pursuant to an installation contract between the City and Tel Plus, the City determined where to install the equipment while Tel Plus designed the layout for the wires. The City was present when the wires were installed. There is no contention that the wires were negligently manufactured.

NEC moved for summary judgment, alleging that it did not install or maintain any of the equipment at the plaintiff's work site and thus could not be held liable for any injury. Counsel for the plaintiff and the remaining second third-party defendants opposed the motion, arguing that there was a question of fact as to whether NEC did, or was required to, provide installation instructions or warnings.

It is now well settled that a party appearing in opposition to a motion for summary judgment must lay bare its proof and present evidentiary facts sufficient to raise a genuine triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *World Trade Knitting Mills v Lido Knitting Mills,* 154 AD2d 99). Mere conclusory assertions, devoid of evidentiary facts, are insufficient for this purpose, as is reliance upon surmise, conjecture, or speculation *(see, Federal Deposit Ins. Corp. v Jacobs,* 185 AD2d 913; *Smith v Johnson Prods. Co.,* 95 AD2d 675).

In responding to NEC's evidence that its distribution agreement with Tel Plus required Tel Plus to sell and install NEC's telephone equipment, none of the opposing parties identified a triable issue of fact.

Accordingly, the motion for summary judgment was improperly denied. Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.