◼ DONALD HOVI, Appellant, v CITY OF NEW YORK et al., Defendants, and BROOKLYN UNION GAS COMPANY, Respondent.

[640 NYS2d 782] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated November 17, 1994, as granted the motion of the defendant Brooklyn Union Gas Company for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly awarded summary judgment to the defendant Brooklyn Union Gas Company (hereinafter Brooklyn Union). In support of its motion for summary judgment, Brooklyn Union submitted documentary evidence and deposition testimony which established that it did not perform any work on the north side of the roadway where the accident that allegedly caused the plaintiff's injuries occurred. The burden then shifted to the plaintiff to lay bare his proof and present evidentiary facts sufficient to raise a genuine, triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557; *Morgan v New York Tel.,* 220 AD2d 728). The speculative assertions contained in the affirmation of the plaintiff's attorney were insufficient to raise a question of fact about whether the repair and excavation work performed by Brooklyn Union on the south side of Castleton Avenue in late 1982 and early 1983 created the dangerous condition on the north side of Castleton Avenue that allegedly caused the plaintiff's injuries in July 1983. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.