(June 17, 1996)

■ MICHAEL T. ABBENANTE et al., Respondents, v LARRY E. TYREE COMPANY, INC., Appellant, et al., Defendant. [644 NYS2d 780]

The plaintiff Michael T. Abbenante allegedly sustained injuries when he tripped over a defective piece of concrete at the North County Complex in Hauppaugue. In support of its motion for summary judgment, the appellant submitted proof in admissible form that it had not performed work at the site at which Abbenante was injured. Thus, the appellant established a prima facie right to judgment as a matter of law *(see, Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670; *Megginson v Rose,* 121 AD2d 608).

Moreover, the plaintiffs' evidence that the appellant could

have been involved in construction of the allegedly defective area was insufficient to show the existence of a triable issue of fact on this issue. The deposition testimony of a representative of a defendant in a prior action arising out of the same incident was based on hearsay and there was no indication that the deponent had personal knowledge of the relevant facts *(see, Kennerly v Campbell Chain Co., supra)*. Finally, we reject the plaintiffs' contention that the appellant is not entitled to summary judgment until the plaintiffs have had an opportunity to conduct discovery on the issue. The mere hope that they will uncover evidence to support their claim is insufficient to deny the appellant's summary judgment motion *(see, Jones v Gameray,* 153 AD2d 550; *Kennerly v Campbell Chain Co., supra)*. O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.