■ NEVYLON MILLER et al., Respondents, v JWP FOREST ELECTRIC CORP. et al., Appellants, et al., Defendants. (And Third-Party Actions.) [648 NYS2d 1015] —In a negligence action to recover damages for personal injuries, etc., (1) the defendant JWP Forest Electric Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated August 10, 1995, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) defendant David Elliot Leibowitz, P. C. appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the appellants' motion and cross motion are granted, the complaint is dismissed insofar as asserted against them, and the action against the remaining defendants is severed.

In March 1991, the plaintiff Nevylon Miller, a corrections officer at the Brooklyn Correctional Facility (hereinafter BCF), allegedly received an electric shock and suffered serious injuries when she touched a live "buss-bar" in an electrical panel box located in the fifth-floor corridor connecting wings K and L (hereinafter corridor 5K/L) of the facility. Thereafter, she and her husband brought the instant action against multiple defendants, including the appellants David Elliot Leibowitz, P. C. (hereinafter Leibowitz) and JWP Forest Electric Corp. (hereinafter JWP). In or about 1984, Leibowitz had been hired by the City of New York to provide architectural and consulting services in connection with the conversion of the Brooklyn Navy Yard Brig to the BCF, and JWP was a subcontractor which installed lighting fixtures, switches, and receptacles in the BCF during that conversion. The plaintiffs alleged that Leibowitz and JWP had negligently performed architectural and/or electrical work at the site.

Eventually, JWP moved, and Leibowitz cross-moved, for summary judgment on the ground that they had not worked on the electrical panel box which caused Nevylon Miller's injuries. The Supreme Court denied their respective motions, and we reverse.

JWP and Leibowitz each submitted proof in admissible form that they performed no work on the electrical panel box in which the buss-bar which allegedly caused Nevylon Miller's injuries was located. Therefore, JWP and Leibowitz each established a prima facie right to judgment as a matter of law *(see, Abbenante v Tyree Co.,* 228 AD2d 529; *Hovi v City of New York,* 226 AD2d 430; *Morgan v New York Tel. Co.,* 220 AD2d 728; *Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670; *Megginson v Rose,* 121 AD2d 608). Moreover, the conclusion of the plaintiffs' purported expert that JWP and/or Leibowitz had performed work on the particular electrical panel box in question was merely speculation, surmise, and conjecture, and therefore, it was insufficient to raise a triable question of fact on this issue *(see, Abbenante v Tyree Co., supra; Hovi v City of New York, supra; Morgan v New York Tel. Co., supra; Kennerly v Campbell Chain Co., supra; Megginson v Rose, supra).* Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.