■ JANICE SOTO et al., Respondents, v CITY OF NEW YORK et al., Respondents, and TULLY CONSTRUCTION COMPANY, INC., et al., Appellants. [664 NYS2d 612] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendants Tully Construction Company, Inc., Lehrer McGovern Bovis, Inc., and Catholic Charities, Diocese of Brooklyn, separately appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated September 17, 1996, which denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The infant plaintiff commenced this action to recover dam-

ages for injuries she allegedly suffered when she fell into a trench on a public sidewalk adjacent to a private building which was under construction. The Supreme Court denied the respective motions of the appellants Tully Construction Company, Inc. (hereinafter Tully), Lehrer McGovern Bovis, Inc. (hereinafter LMB), and Catholic Charities, Diocese of Brooklyn (hereinafter Catholic Charities) for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We now reverse.

It is well settled that " 'liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property * * * Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property' " (*Minott v City of New York*, 230 AD2d 719, 720, quoting *Turrisi v Ponderosa, Inc.*, 179 AD2d 956; *see also, James v Stark*, 183 AD2d 873; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292). Here, in support of its motion for summary judgment Tully proffered its daily work reports and the deposition testimony of its assistant supervisor, which together established that it did not perform any work at the site of the infant plaintiff's alleged injury (*see, Abbenante v Tyree Co.*, 228 AD2d 529; *Hovi v City of New York*, 226 AD2d 430). Similarly, in support of their respective motions for summary judgment, LMB and Catholic Charities both demonstrated that they neither created the defect in, nor exercised any control or supervision over the public sidewalk abutting the private property, nor did they make special use of the excavation (*see, Minott v City of New York, supra; Hovi v City of New York, supra; Giordano v Seeyle, Stevenson & Knight*, 216 AD2d 439; *Libby v Waldbaum's Inc.*, 213 AD2d 457; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280; *Herzfeld v Incorporated Vil. of Cedarhurst*, 171 AD2d 647). Accordingly, inasmuch as Tully, LMB, and Catholic Charities established their entitlement to judgment as a matter of law and the plaintiffs failed to refute their showing by proffering evidence demonstrating a triable issue of fact, summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellants should have been granted (*see, Zuckerman v City of New York*, 49 NY2d 557; *Hovi v City of New York, supra*).

The parties' remaining contentions are either without merit or academic in light of the foregoing determination. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.