■ John O'Shaughnessy et al., Appellants, v George Hines et al., Respondents, et al., Defendant. [671 NYS2d 762] —In an action to recover damages for medical malpractice, etc., the

plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated May 5, 1997, which granted the motion of the defendants George Hines and Nassau Thoracic & Cardiovascular Surgery Group, P. C., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On May 27, 1992, the injured plaintiff, John O'Shaughnessy, was admitted to the defendant Winthrop University Hospital to undergo a left carotid endarterectomy. The injured plaintiff alleged that during the course of the surgical operation he sustained an injury to his left recurrent larangeal nerve causing left vocal cord paralysis accompanied by larangeal spasm. The injured plaintiff claims to have suffered, as a result of the surgery, severe hoarseness of voice and limited ability to speak.

In support of their motion for summary judgment, the respondents submitted an affidavit of the defendant physician, George Hines, which indicated the procedure he performed, and stated that he did not interfere with any of the identified nerves or arteries and that he did not deviate from good and accepted medical practice in the performance of this procedure. The respondents also submitted the affidavit of a medical expert in surgery, who averred that he reviewed the medical records pertaining to the injured plaintiff's treatment as well as the operative report, which he incorporated in his affidavit, and concluded that Dr. Hines exercised appropriate surgical judgment and did not deviate from the accepted standard of care with regard to his treatment of the injured plaintiff.

These affidavits established the respondents' entitlement to summary judgment as a matter of law and shifted the burden to the plaintiffs to come forward with expert medical proof sufficient to establish the existence of a material issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-327; *Horth v Mansur*, 243 AD2d 1041; *Fritz v Southside Hosp.*, 182 AD2d 671; *Wert v Lenox Hill Hosp.*, 151 AD2d 474; *Kane v City of New York*, 137 AD2d 658, 660). The conclusory affirmation of a medical expert submitted by the plaintiffs was insufficient to defeat the respondents' motion for summary judgment (*see, Alvarez v Prospect Hosp., supra*). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.