■ Juana Rosario, Respondent, v Lawrence J. Ottaviano, Defendant, and New York Downtown Hospital, Appellant. [674 NYS2d 328] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 11, 1997, which denied defendant New York Downtown Hospital's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff correctly concedes on this appeal that the hospital defendant established its prima facie entitlement to summary judgment in this medical malpractice action. The physician defendant, Dr. Ottaviano, admitted that he alone performed the colonoscopy that resulted in plaintiff's injury and the hospital presented additional evidence corroborating this. However, plaintiff incorrectly asserts that she established a triable issue of fact as to whether one of the hospital's residents performed

or participated in the procedure. Under the circumstances, her evidence, which consisted of Dr. Ottaviano's testimony regarding the possible presence of a Chinese resident as well as her testimony and the affidavit of her friend that a Chinese "student" or "doctor" was present and that Dr. Ottaviano allegedly stated that *"we* had an accident", was not sufficient to raise a factual issue as to whether someone other than Dr. Ottaviano performed the procedure. Thus, the hospital should have been granted summary judgment (*see, Forray v New York Hosp.*, 101 AD2d 740; *Latiff v Wyckoff Hgts. Hosp.*, 144 AD2d 650; *Megginson v Rose*, 121 AD2d 608). Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.