■ JACQUELINE AVERSANO, Respondent, v CITY OF NEW YORK, Respondent, and LINDA COHEN et al., Appellants. [696 NYS2d 233] —In an action to recover damages for personal injuries, the defendants Linda Cohen and Scordio Construction, Inc., separately appeal from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated February 26, 1999, as denied their respective cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the cross motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff commenced this action to recover damages for injuries she allegedly sustained on February 21, 1994, when she tripped and fell as a result of a hole on a public sidewalk adjacent to premises owned by the defendant Linda Cohen. At the time of the accident Cohen had a contract with the defendant Scordio Construction, Inc. (hereinafter Scordio), to perform renovation work in and around the premises.

It is well settled that "liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property * * * Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (*Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957; *see, Minott v City of New York,* 230 AD2d 719; *see also, Poirier v City of Schenectady,* 85

NY2d 310, 315). In support of her cross motion for summary judgment, Cohen demonstrated that she neither created the defect nor exercised any control or supervision over the public sidewalk abutting her private property, nor did she make a special use of the sidewalk (*see, Soto v City of New York,* 244 AD2d 544; *Minott v City of New York, supra,* at 720; *Rosales v City of New York,* 221 AD2d 329; *Holz v Rinacente Props.,* 197 AD2d 669; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 298; *Kiernan v Thompson,* 137 AD2d 957, 958). Furthermore, in support of its cross motion for summary judgment Scordio submitted proof in admissible form that it did not perform any work on the public sidewalk prior to the plaintiff's accident. Thus, Scordio established a prima facie right to judgment as a matter of law (*see, Soto v City of New York,* 244 AD2d 544, 545, *supra*; *Lopez v H&M Mech. Contrs.,* 236 AD2d 448; *Abbenante v Tyree Co.,* 228 AD2d 529; *Hovi v City of New York,* 226 AD2d 430; *Rosales v City of New York,* 221 AD2d 329, *supra*; *Morgan v New York Tel.,* 220 AD2d 728). Since the appellants each established a prima facie case of entitlement to summary judgment, and the plaintiff failed to proffer evidence demonstrating a triable issue of fact, summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellants should have been granted (*see, Zuckerman v City of New York,* 49 NY2d 557; *Soto v City of New York,* 244 AD2d 544, *supra*). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.