■ CATHERINE SELLARS et al., Respondents, v ALVARO REDONDO, Appellant. [704 NYS2d 881] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated March 20, 1998, as denied his cross motion for summary judgment dismissing the complaint.

■ CATHERINE SELLARS, Respondent, et al., Defendant, v ALVARO REDONDO, Appellant. [704 NYS2d 643] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), dated November 12, 1998, which, upon an order of the same court (Shaw, J.), dated March 20, 1998, *inter alia,* denying his cross motion for summary judgment dismissing the complaint, and upon a jury verdict finding him 100% at fault in the happening of the accident, is in favor of the plaintiff Catherine Sellars and against him in the principal sum of $165,000.

Ordered that the judgment is reversed, on the law, with costs, so much of the order dated March 20, 1998, as denied

the defendant's cross motion for summary judgment is vacated, the cross motion is granted, and the complaint is dismissed.

The injured plaintiff allegedly slipped and fell on ice on a public sidewalk in front of a store owned by the defendant. In support of his cross motion for summary judgment, the defendant established prima facie his entitlement to judgment as a matter of law by submitting the injured plaintiff's deposition testimony that no pathway had been shoveled in front of the defendant's store and that it was snowing when the accident occurred. In opposition to the cross motion, the plaintiffs failed to submit any evidence raising a triable issue of fact as to the defendant's liability (*see, Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731, 732). The plaintiffs' counsel contended that the cross motion was premature because relevant information would be revealed in a separate action against the lessees of the subject premises. However, mere hope that evidence will be uncovered that will prove the plaintiffs' case provides no basis pursuant to CPLR 3212 (f) for postponing a decision on a cross motion for summary judgment (*see, Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026; *Auerbach v Bennett,* 47 NY2d 619, 636; *Abbenante v Tyree Co.,* 228 AD2d 529; *American Prescription Plan v American Postal Workers Union AFL-CIO Health Plan,* 170 AD2d 471), and is insufficient to defeat the cross motion. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.