■ CESAR QUIÑONES, as Administrator of the Estate of RENE OLMO, JR., Deceased, Appellant, v CITY OF NEW YORK et al.,

Defendants, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [724 NYS2d 418] —Order, Supreme Court, Bronx County (George Friedman, J.), entered December 30, 1999, which, *inter alia*, granted the motion of defendant New York City Housing Authority for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Plaintiff's decedent was fatally shot while demonstrating at a construction job site. The site had been the scene of previous incidents, including at least one in which a gun was discharged. An employee of one of the subcontractors was indicted and tried, but acquitted. The decedent's estate brought this action against the City of New York, which was the owner of the real property, the Housing Authority, which was the construction superintendent, and various contractors and subcontractors. The City and all but one of the subcontractors have been dismissed from the action.

The Housing Authority then moved for summary judgment, arguing that it was not the owner of the property and, thus, did not have a duty to provide adequate security thereon. It also claimed, *inter alia*, that since the alleged assailant was acquitted, there is no proof that an employee at the site was responsible for the shooting. The IAS court granted the motion, finding that the Housing Authority had no duty to insure plaintiff's safety from unforeseeable acts of violence.

"Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated" (*Di Ponzio v Riordan*, 89 NY2d 578, 583). "[T]he law draws a line between remote possibilities and those that are reasonably foreseeable." (*Id.*)

Although the alleged perpetrator's acquittal in a criminal proceeding does not extinguish the possibility that he committed the murder, plaintiff has made no showing, in opposing this motion, that he, or another employee, was responsible for the act. Mere surmise cannot defeat a motion for summary judgment (*see, Morgan v New York Tel.*, 220 AD2d 728).

In affirming, we note that the Housing Authority here was not shielded by governmental immunity. We do not address its claim that it had no duty to the decedent. Concur—Williams, J. P., Ellerin, Saxe and Buckley, JJ.