■ MARIA FEBRESCORDERO, Respondent, v 2527 BOSTON ROAD CORP., Defendant, and 2556 BOSTON FOOD CORP., Appellant. (And a Third-Party Action.) [753 NYS2d 83] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered June 3, 2002, which denied the motion of defendant-appellant 2556 Boston Food Corp. for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

In this personal injury action, plaintiff claims that she tripped over the upraised arms of a forklift or hi-lo located on the sidewalk adjacent to Fine Fare supermarket, owned and operated by appellant 2556 Boston Food Corp. (hereinafter Boston Food), injuring her knee. Plaintiff testified at her dep-

osition that someone had parked a "big machine" used to "lift a lot of weight," which had a steering wheel and a seat for a driver, on the sidewalk near the front entrance of Fine Fare. She also testified that construction was being performed in the area and construction vehicles were on the roadway. The roadway in front of the supermarket near where she tripped had been dug up and "cement, rocks, things like that" were on the sidewalk near the forklift. Plaintiff did not see anyone from the supermarket in the area where she fell.

In support of its summary judgment motion, Boston Food offered plaintiff's deposition testimony and the deposition testimony and an affidavit of Jose Portela, one of the owners and general manager of Fine Fare, who also stated that at the time of plaintiff's accident, third-party defendant City of New York had opened the roadway in front of the sidewalk as part of a large scale reconstruction project. In addition, Portela asserted that Boston Food did not own a forklift or hi-lo vehicle. Rather, Boston Food owned a pallet jack, which is hand operated by a person standing from behind by pushing and steering. The pallet jack's forks raise only a few inches. Portela explained that the pallet jack was only used at the unloading dock located at the rear of the supermarket, and because the unloading dock was the same height as the truck's flatbed, there was no need for a hi-lo to unload these deliveries. Portela further testified that light deliveries, which included bread and cake, were sometimes made to the front of the supermarket, but these deliveries did not require the type of machinery described by plaintiff to unload and transport the product.

The Supreme Court denied the motion finding questions as to ownership, operation and/or control of the equipment and premises. We disagree.

It is well settled that, in the absence of an obligation created by statute or ordinance, a landowner is not liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner created the defective condition or caused the defect to occur because of some special use (see *Frank v City of New York*, 211 AD2d 478; *Tortora v Pearl Foods*, 200 AD2d 471; *cf.*, *D'Ambrosio v City of New York*, 55 NY2d 454, 462-64). Here, appellant made a prima facie case that it exercised no control over the public sidewalk where plaintiff fell and that it did not own the forklift on the sidewalk over which plaintiff tripped. Plaintiff failed to proffer any evidence demonstrating a triable issue of fact as to appellant's control over the sidewalk or ownership of the machinery.

Accordingly, the motion court should have granted appellant's motion for summary judgment dismissing the complaint insofar as asserted against it (see Aversano v City of New York, 265 AD2d 437; Rosales v City of New York, 221 AD2d 329). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Marlow, JJ.