Bliss v City of New York (2018 NY Slip Op 04299)





Bliss v City of New York


2018 NY Slip Op 04299


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-03125
 (Index No. 9954/14)

[*1]Marie Bliss, respondent,
v City of New York, et al., defendants, Consolidated Edison Company of New York, Inc., appellant.


Nadine Rivellese, New York, NY (Stephen T. Brewi of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Consolidated Edison Company of New York, Inc., appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), dated January 26, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendant Consolidated Edison Company of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Consolidated Edison Company of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
At about noon on January 5, 2014, the plaintiff allegedly was injured when she tripped and fell on a height differential between the sidewalk and the curb abutting her own property in Queens. In July 2014, the plaintiff commenced this action against, among others, the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Edison). Con Edison, inter alia, moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged defect. By order dated January 26, 2017, the Supreme Court denied the motion. Con Edison appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.
"The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" (Guzov v Manor Lodge Holding Corp., 13 AD3d 482, 483; see Aversano v City of New York, 265 AD2d 437). "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality" (Hausser v Giunta, 88 NY2d 449, 452-453; see Metzker v City of New York, 139 AD3d 828, 829). Here, Con Edison established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not perform any work in the area where the accident occurred and that it did not create the alleged defect (see Lewis v City of New York, 82 AD3d 1054, 1055; Kruska v City of New York, 29 AD3d 742, 743; Aversano v City of New York, 265 AD2d at 438). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of Con Edison's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court